## St. John's Parish vs. Harry Bronson.

Religious instruction does not belong to the class of necessaries, as that term is used in the common law.

A husband held not liable for the rent of a church pew hired and occupied by his wife without his assent.

ASSUMPSIT, for the rent of a pew in a church; brought before the City Court of the city of Waterbury, and tried to the jury on the general issue, before *Fields, J.*

The pew was hired by the wife of the defendant, and occupied by her and a daughter of the defendant, but without his authority or assent.

The defendant requested the court to charge the jury, that pew rent did not come within the class of articles called necessaries, for which the wife can charge her husband; but

the court charged the jury that pew rent for religious instruction and attendance upon divine worship did come within the class of articles called necessaries.

The jury having returned a verdict for the plaintiffs, the defendant moved for a new trial.

*H. B. Munson* and *Terry*, in support of the motion.

*Webster*, with whom was *O'Neil*, contra.

PARK, J.  Contrary to the request of the defendant, the court charged the jury that the rent of a pew in a church where divine worship is held and religious instruction given, is included in the list of articles known to the common law as necessaries, and the question is whether this instruction is correct?

It is said in the books that necessaries consist only of food, drink, clothing, washing, physic, instruction, and a suitable place of residence.  *Shelton* v. *Pendleton*, 18 Conn., 417; *Whitingham* v. *Hill*, Cro. Jac., 490; Clancy on Husband & Wife, 23; 2 Kent's Com., 146; Finch, 103; Co. Lit., 172, *a*; 1 Woodeson Lect., 402; Bingham on Infancy, 87; *Baker* v. *Lovett*, 6 Mass., 80; *Munson* v. *Washband*, 31 Conn., 303.

By instruction is here meant some degree of education as taught in the schools.  *Stanton* v. *Willson*, 3 Day, 37; Metcalf on Contracts, 69; *Middlebury College* v. *Chandler*, 16 Verm., 683.

There is but little found in the English reports concerning instruction given to an infant as included in the term necessaries.  However, it seems to have been regarded that instruction in reading, writing and the common branches of school education are to be so considered.  1 Sid., 112; W. Jones, 182.

No case can be found either in England or in any of the United States where the definition of instruction has been carried so far as to include religious instruction.  And indeed in this country, where there is no established church and every one is permitted to worship God according to the dic-

tates of his own conscience, no distinction could be made among the thousand different tenets and precepts that are taught upon the Sabbath under the name of religious instruction.

The principle would have to be carried, if carried at all, so far as to include all divine worship and all religious instruction of every name and nature tolerated by the constitution, for that instrument declares that "no preference shall be given by law to any christian sect or mode of worship."

Hence it is obvious that the object which the supporters of this doctrine have in view, would not be accomplished by including religious instruction in the list of necessaries.

Furthermore, it might well be questioned whether the seventh article of the constitution, which declares that no person shall be compelled by law to support any congregation, church, or religious association, does not forbid the adoption of this doctrine ; but we forbear pursuing the subject further.

The view we have taken of this question renders it unnecessary to consider the other questions made in the case, and we therefore leave them as we find them.

A new trial is advised.

In this opinion the other judges concurred.