[Eskridge v. Ditmars.]

# Eskridge & Wife v. Ditmars & Co.
# Eskridge & Wife v. Gill.

*Action against Husband and Wife for Price of Necessaries.*

51  245
98  206
51  245
103  169
51  245
107  464
51  245
128  372

1. *Publication against non-resident defendant; remedial statute held operative on pending actions.* — The act approved April 23, 1873, amending section 2376 of the Revised Code, by providing for publication against a non-resident defendant, husband or wife (Sess. Acts 1872-3, p. 113), is a remedial statute, and applies to actions pending at the time of its passage.

2. *Joinder of counts.* — In an action against husband and wife, the complaint is not demurrable for a misjoinder of counts, because it unites a count on a bill of exchange drawn by the defendants, not describing them as husband and wife, with a count for articles of comfort and support of the household, for which it seeks to charge the wife's statutory separate estate.

3. *Sufficiency of complaint in averment of marriage.* — An averment that the defendants, at the time of the sale and delivery of the goods, "were living together as man and wife in lawful wedlock," is a sufficient averment that they were married.

4. *Replication to plea of coverture.* — To a plea of coverture by the wife, interposed as a defence to a count against husband and wife on a bill of exchange, it is not a good replication, that the consideration of the bill was necessaries for which the separate estate of the wife is liable.

5. *Evidence admissible against only one of two defendants.* — In an action against two defendants, there is no error in admitting evidence which is competent against one of them only : the other defendant can limit its effect, by a request for appropriate instructions to the jury.

6. *Liability of wife's statutory separate estate for necessaries.* — Household furniture, sold and delivered to the husband, suitable to the degree and condition in life of the family, is a proper charge against the wife's statutory separate estate (Rev. Code, § 2736), but a pleasure carriage is not.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. M. J. SAFFOLD.

These two cases were argued and submitted together. The actions were both commenced on the 9th February, 1871, by ordinary summons and complaint, against J. N. Eskridge and Mrs. M. E. Eskridge, his wife ; and the pleadings in the two cases were the same. The original summons was returned "Not found" as to both of the defendants, and an *alias* summons was returned in like manner. A *pluries* summons was executed by personal service on Mrs. Eskridge, in July, 1872, and returned "Not found" as to her husband. At the December term, 1872, a *pluries* summons was ordered to issue against said J. N. Eskridge, and Mrs. Eskridge appeared, and filed her demurrer to the complaint, and also several pleas. At the May term, 1873, an order of publication was made against the said J. N. Eskridge as a non-resident ; and at the ensuing December term, on proof that the order had been duly published, he was made a defendant on motion, and judgment by default was entered against him. Mrs. Eskridge objected to this motion, on the ground that there was no statute authorizing it, and she reserved an exception to its allowance.

[Eskridge v. Ditmars.]

The complaint, in each case, contained three counts. The first count was on a bill of exchange drawn by the defendants, in the one case for $155, and in the other for $390, in favor of the plaintiffs respectively, due the 1st October, 1870 ; and did not describe the defendants as husband and wife. The second count, to which a demurrer was sustained, requires no notice. The third count was in these words : " The plaintiffs claim of the defendants, also, the sum of one hundred and fifty-five dollars " (in the one case, and three hundred and ninety dollars in the other), " for this, that the said plaintiffs, heretofore, to wit," &c., " sold and delivered to the said Joseph N. Eskridge, at his special instance and request, divers goods, wares, and merchandise, to the value," &c.; " and the said defendants were then living together as man and wife in lawful wedlock in the State of Alabama, and had a family and servants constituting their household ; and the said goods, wares, and merchandise were articles of comfort and support of the said household, suitable to the degree and condition in life of the said family, and for which the said Joseph N. Eskridge would be responsible at common law. And the said plaintiffs aver, that at the time of the said sale and delivery of the said goods, and at the time this suit was brought, the said Margaret E. Eskridge had certain real estate in her possession, known and described as follows," &c., " containing in the aggregate two hundred acres, more or less ; and the said Margaret E. Eskridge was at the date aforesaid, and still is the owner of said real estate, and owned and possessed the same as her separate estate under the provisions of the Code of Alabama, sections 2376 and 2377 ; and the said Margaret E. Eskridge has received the said property above described since the 1st day of March, 1848. And the plaintiffs aver, that the said sum of money is justly due and unpaid ; and they claim the same, with interest thereon."

Mrs. Eskridge demurred to the complaint, " because there is a misjoinder of the first and third counts, — the first being on a bill of exchange against the defendants *sui juris*, and the third, to condemn the separate estate of a married woman under the statute." She also demurred to the third count, " because it does not aver that this defendant and said J. N. Eskridge were married at the date of said alleged contract, and that said articles of comfort and support, alleged to have been furnished this defendant, were furnished during her coverture with the said J. N. Eskridge, and that they were used in the family." The court overruled the demurrer, and Mrs. Eskridge then pleaded, to the whole complaint, the general issue ; to the first count, her coverture ; and to the third count, the non-joinder of her husband as a defendant. The plaintiffs replied to the plea of coverture, " that the consideration of said

bill of exchange, in said first count mentioned, was divers goods, wares, and merchandise, sold and delivered to the said Joseph N. Eskridge, at his special instance and request; and the said defendants were then living together as man and wife in lawful wedlock," &c., pursuing the language of the third count to the end. To this replication Mrs. Eskridge demurred, "because the same is a departure from the said first count," but the court overruled the demurrer.

On the trial, as appears from the bill of exceptions, the plaintiffs testified to the sale and delivery by them to said J. N. Eskridge of the "household furniture" and "pleasure carriage," which constituted the consideration of the bills of exchange respectively sued on; that said J. N. Eskridge signed his own name, and that of his wife, to the bills of exchange, and handed them to plaintiffs; that said J. N. Eskridge was at that time insolvent, and "they would not have sold the things to him, on a credit, if they had not supposed his wife also was bound;" that at time of the sale, and for a long time before, the defendants were married, and were living together as husband and wife on lands belonging to Mrs. Eskridge, which she inherited from her father. "The plaintiffs introduced evidence, also, tending to show that the said carriage was an article of comfort, suitable to the degree and condition in life of the family, and was used by the defendants;" but there is no similar statement as to the household furniture in the other case. "The plaintiffs proved, also, that the defendants, at the time of the said sale and purchase, kept house, and had a family and servants, and were people of ordinarily good education, and moved in good society, and dressed in a genteel manner. The defendant, M. E. Eskridge, introduced evidence showing that, at the time of said sale, said J. N. Eskridge was extravagant and improvident; that he absconded before the commencement of this suit, and went to Texas, leaving his said wife, with two or three children, born during her said marriage."

"The plaintiffs offered to read in evidence the bill of exchange sued on; to which said M. E. Eskridge objected, on the ground that the same was illegal and void as to her. The court overruled the objection, and allowed the bill of exchange to be read in evidence against the said J. N. Eskridge, to which the said M. E. Eskridge excepted."

The court charged the jury, at the request of the plaintiffs, that if they believed, from the evidence, that the carriage in the one case, and the household furniture in the other, "was sold by the plaintiffs to the defendants, or either of them, and, considering the degree and condition in life of the family, was an article of comfort and support of the household, and suited to the degree and condition of the family, they should find for

the plaintiffs, if they also believed that the defendants were married at the time the purchase was made, and that the property named in the declaration was the property of the wife when the contract was made, or at the time this suit was brought." To this charge an exception was reserved by Mrs. Eskridge.

The appeal is sued out by Mrs. Eskridge, who assigns as error the order bringing in her husband as a party by publication, the several rulings of the court on the pleadings and evidence, and the charge to the jury.

BROOKS, HARALSON & ROY, for appellant. — 1. The act amendatory of section 2376 of the Revised Code does not, in terms, apply to suits pending at the time of its passage; and cannot be made to apply to this case, without doing violence to that provision which authorizes notice by publication to be given "at the return term of the writ." The general rule is, that a statute is not to be construed as interfering with existing contracts, rights of action, or suits, unless the intention that it shall so operate is clearly expressed; and although the words of the statute are broad enough, in their literal extent, to comprehend existing cases, they must yet be construed as applicable only to cases which may afterwards arise, unless a contrary intention is unequivocally manifested. Dwarris on Statutes, 162, n. 9; *Wood* v. *Oakley*, 11 Paige, 403; *Butler* v. *Palmer*, 1 Hill, 325; *Johnson* v. *Burrell*, 2 Hill, 238; *Dash* v. *Vankleeck*, 7 John. 499; *Calkins* v. *Calkins*, 3 Barbour, 306; *Nedder* v. *Alkenbrock*, 6 Barbour, 328; *People* v. *Supervisors*, 10 Wendell, 362; *Van Rennsalaer* v. *Livingston*, 12 Wendell, 490; *Warren Man. Co.* v. *Ætna Insurance Co.* 2 Paine C. C. 517.

2. The first and third counts were improperly joined. The first sought a personal judgment against each of the defendants, while the third sought a statutory judgment of condemnation against the wife's statutory separate estate. If the plaintiffs recovered, the judgments must be essentially different.

3. The third count is obnoxious to both of the specified grounds of demurrer. It does not contain a sufficient averment of the marriage, and it does not aver that the articles were used by the family. Both of these averments were necessary. *Cunningham* v. *Fountain*, 25 Ala. 650.

4. The replication to the plea of coverture was a total departure from the first count of the complaint, and was allowed to have the effect of an amendment. The rules of pleading do not justify this practice.

5. The bill of exchange was not admissible evidence for any purpose. The husband made no defence, and judgment by

[Eskridge *v.* Ditmars.]

default had been rendered against him. The wife was not bound by any personal contract. *Gibson* v. *Marquis & Wife,* 29 Ala. 671; *Davis* v. *Fry,* 7 Sm. & Mar. 64.

6. Under the evidence set out in the bill of exceptions, tested by the principles settled by the former decisions of this court, the wife's estate cannot be made liable for the articles of luxury and convenience purchased, without her knowledge or consent, by an insolvent, extravagant, and improvident husband. The liability is limited to necessaries, in the strictest sense of the word, such as a stranger might supply to the family, and charge against the husband, without (and even against) his consent. *Durden & Wife* v. *McWilliams & Smith,* 31 Ala. 449; *Sharpe & Wife* v. *Burns & Coles,* 35 Ala. 655; *Ravisies* v. *Stoddard & Co.* 32 Ala. 603.

J. W. LAPSLEY, *contra.* — 1. Remedial statutes are allowed to operate on existing suits and causes of action, unless a contrary intention appears. *Jones* v. *Donnell,* 9 Ala. 697; *Trammell* v. *Pennington,* 44 Ala. 686. And when a statute specifies the time within which a public officer is to perform an act regarding rights of others, it is merely directory. Dwarris, 222, note 29; *People* v. *Allen,* 6 Wendell, 487; *Jackson* v. *Young,* 5 Cow. 269; *Wood* v. *Chapin,* 13 N. Y. 509; *Thompson* v. *Sergeant,* 15 Abbott, 452.

2. A count on a bill of exchange, and a count on its consideration, might be united in the same declaration by the strictest rules of pleading at common law. As to the peculiar judgment against the wife's separate estate, that is the creature of the statute, and is not to be judged by common-law rules.

3. The averment of the marriage is sufficient. *Sharp & Wife* v. *Burns & Coles,* 35 Ala. 655.

4. No possible injury could have resulted to the defendant from the rulings of the court on the pleadings. *Smith & Garey* v. *Aubrey,* 19 Ala. 63; *McKenzie* v. *Jackson,* 4 Ala. 230; *Leonard* v. *Storrs,* 31 Ala. 488; *Fountain* v. *Gunter,* 31 Ala. 258.

5. The question whether the articles purchased were suitable to the degree and condition in life of the family, whether they were in fact necessaries, was left to the jury under proper instructions, and their decision is conclusive.

BRICKELL, J. — The statute subjects the wife's separate statutory estate to liability "for all contracts for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law;" to be enforced by ac-

[Eskridge v. Ditmars.]

tion at law against the husband alone, or against the husband and wife jointly. R. C. § 2376. The construction heretofore placed on this statute is, that the remedy prescribed is to be deemed statutory, and must be strictly pursued. If the wife die, her personal representative is not subject to the suit at law. *Rogers* v. *Brazeale*, 34 Ala. 512. If the husband die, a suit at law against the wife surviving cannot be maintained. *Carter* v. *Ulman*, 45 Ala. 343. This construction materially impaired the right of the creditor, who had, on the faith of the wife's separate statutory estate, supplied the family with necessaries. Cases were of frequent occurrence, in which one of the parties, husband or wife, was amenable to the process of our courts, while the other was absent from the State, and could not be reached. In such cases, a joint suit was not possible, and the result was an exemption of the wife's estate from the liability the statute imposed. To remedy this deficiency in the law, the act of April 23, 1873 (Pamph. Acts 1872–3, p. 113), was passed. It provides that, if husband and wife, or either of them, reside out of the State, to such suits they can be made parties by publication. This act is remedial — it neither diminishes nor enlarges an existing right, but furnishes a remedy adequate to the enforcement of such right, — a remedy without which, in the prescribed cases, the right itself would be embarrassed, if it is not wholly remediless. Courts, on the plainest considerations of justice, are averse to the retroactive operation of statutes, and confine them to cases arising after their passage, unless the words of the statute, or a clear legislative intent deducible from them, compels an application to the past as well as the future. This doctrine has not, however, been extended to merely remedial statutes, which impair no contract or vested right, and do not disturb past transactions, but preserve and enforce the right, and heal defects in existing laws prescribing remedies. 1 Kent Com. 455. Such statutes are, when broad enough in terms, in furtherance of the remedy, applied to suits pending at their passage. Cooley's Cons. Lim. 381. The circuit court properly applied the act of April 23, 1873, to these cases, in which suits had been commenced prior to its passage, and the plaintiff was delayed in their prosecution by reason of the husband's non-residence. Thereby no right of the defendants was prejudiced — no meritorious defence, of which the case was capable, was affected, but the remedy for a clear legal right was advanced.

2. The first count in the complaint is an ordinary count against the defendants, not describing them as husband and wife, as the drawers of a bill of exchange. The third count is for goods sold, and is intended to present a case within the statute, for a personal judgment against the husband, and a judg-

ment of condemnation against the wife's statutory separate estate. A demurrer to the first and third counts, because of misjoinder, was overruled. The common-law rule is, that when causes of action accrue to the plaintiff in the same right, are of the same nature, and the same plea can be pleaded to, and the same judgment given on several counts setting out each cause of action, they may be joined. 1 Tidd's Pract. 10; 1 Chitty's Pl. 199. Under this rule, the joinder often depended rather on the form, than the subject-matter of the action. Thus, a count in debt on a bill single, or bond for the unconditional payment of money, could be joined with a count on a promissory note, or other simple contract; because debt would lie for each cause of action, the general issue to a count on either was the same, and the judgment to be rendered was the same in form. A count in assumpsit on a bill single, or other specialty, and a count on a promissory note, could not be joined; because that form of action was maintainable only for the breach of parol or simple contracts, and not for the breach of contracts under seal. The statute (R. C. § 2637) declares, " All actions on contracts, express or implied, for the payment of money, whether under seal or not, may be united in the same action." The intention was to do away with the common-law rule, as to the joinder of causes of action on contracts for the payment of money; no longer making the test, the inquiry whether the same plea could be pleaded, and the same judgment in form rendered; or whether the form of action adopted was the proper form for the breach of each contract; but, whether they were contracts for the payment of money accruing to the plaintiff, from the defendant, in the same right. If they are such contracts, they can be joined in the different counts in the same complaint; and the judgment will be framed, if necessary, to meet the necessities of the case. Each of the counts was framed on a contract for the payment of money, due to the plaintiff in his own individual right, and from the defendants individually; and they were, therefore, properly joined under the statute. The form of judgment on each may not be the same, but the statute removes that objection to the joinder.

3. The demurrer to the third count seems unfounded in point of fact, the count containing the averments, the supposed omission of which is assigned as causes of demurrer.

4. To the first count of the complaint, the defendant Margaret E. Eskridge pleaded her coverture. To this plea, the plaintiff replied, admitting the truth of the plea, but setting up facts which would under the statute charge her statutory separate estate. To this replication the defendant demurred, but the court overruled the demurrer. A replication cannot

cure defects in a declaration. The plaintiff cannot make a replication serve the purposes of an amendment to the declaration. When at common law his cause of action is stated generally, and may embrace either of two kindred transactions, by a *new* assignment, he could apply his declaration to one of these transactions only. Thus, if the plaintiff had made two separate sales of goods to the defendant, and declared against him generally for goods sold and delivered, and the defendant pleaded a plea, applicable to one, but not to the other of the sales, on which the plaintiff's action was brought, the plaintiff might *new assign* that his action is not brought for the goods sold on the sale to which the plea applies, but for other goods sold and delivered. 1 Chitty's Pl. 624. If, however, the plaintiff's count was capable of application to a single transaction, or a single contract only, he could not, by new assignment, extend it to another. 1 Chitty's Pl. *supra*. The first count is on a bill of exchange ; the plea is coverture ; the replication proposes to answer the plea, by setting out the consideration of the bill, and averments showing such consideration was a charge on the wife's statutory separate estate. The count on the bill is special ; the plea is applicable to, and, for the wife, a full answer to this count ; the replication confesses the plea, but proposes to avoid it, by departing from the count, substituting a new cause of action variant from that specified in the count, and which could not under it have been received in evidence. The replication was vicious ; the demurrer to it was well taken, and should have been sustained.

5. The bill of exchange was proper evidence against the husband, and appears to have been read in evidence against him only. In this there was no error. If the wife apprehended that thereby she could be prejudiced, on request the court would have given a charge, limiting its operation to the husband only. *Goodman & Mitchell* v. *Walker*, 30 Ala. 482.

6. The claim of the appellees Ditmars & Co. is an account for household furniture sold and delivered to the husband, suitable to the degree and condition in life of the family. The claim of the appellee Gill is an account for a carriage sold and delivered the husband. The evidence is, that the degree and condition in life of the family, justified them in having a carriage. The court, in each case, in effect charged the jury, that if they believed the evidence, the statutory separate estate of the wife was liable for the value of the furniture and carriage. The correctness of the charge, as to the account for the furniture, we cannot doubt. We have had more difficulty in reference to the account for the carriage. In the carefully considered case of *Durden & Wife* v. *McWilliams & Smith* (31 Ala. 438), this court for the first time defined

[Eskridge v. Ditmars.]

" the *contracts*, or what description of articles of *family supply*, or of *comfort and support* of the household, can become a charge " upon the wife's statutory estate ; and declared the intention of the legislature to be, to render it liable for necessaries in the common-law acceptation of that term ; such necessaries as, in the absence of a proper provision by the husband, a stranger could supply to the wife, and charge the husband *in invitum*. No other construction will give effect to all the terms of the statute, and preserve the intention of the legislature in its enactment.

At common law, marriage in a great degree was a merger of the civil existence of the wife in that of the husband. She became incapable of contracting, or of acquiring, holding, or disposing of property. Therefore, on the husband devolved the duty of maintaining the wife. From this duty, arises his liability for necessaries furnished her. The liability is raised by the law, only to compel the performance of the duty. It is not intended to infringe upon the authority, or the discretion, properly permitted the husband, to control his domestic affairs. The liability is for *necessaries*. This term does not seem to have received, or to be capable of a very exact definition. In its general signification, it embraces food, raiment, medicines, medical assistance, and habitation, comporting with the social position of husband and wife, and with the fortune of the husband. Beside these, we sometimes find it declared, that such other articles as are in keeping with the degree in life, and the fortune of the husband, such articles as a prudent husband would ordinarily furnish the wife, and as she could reasonably expect to be allowed her, are to be reckoned as necessaries. The term is used, at common law, as fixing the extent of the implied authority of the wife by her contracts to bind her husband ; and as fixing the limit of the liability of a husband, who has not made proper provision for the wife, to a stranger supplying her wants. The signification of the term does not seem to be varied, whether applied to the one case or the other. When the limit of necessaries is passed, the authority implied, or the liability raised by law, terminates. The term is relative, and most often what are *necessaries* is a question of fact for the jury, rather than a question of law. Food, raiment, habitation, of a quality suited to the degree and condition in life of one wife, could not be allowed another, without subjecting the husband to a liability for the extravagance of the wife. In each case, the husband is bound to maintain the wife ; the law compels him to furnish her with food, raiment, and habitation ; but the quality of these must be measured by his ability to pay for them. When these are supplied, the legal duty of the husband is performed ; the power of the

[*Eskridge v. Ditmars.*]

law to fix upon him an involuntary liability is exhausted. Beyond this, the law cannot pass, without invading his authority and discretion in the management of his household. His social position may enjoin it as a duty, so long as the wife does not violate her duty, and they live together, to supply her with other articles, in keeping with his fortune. This duty the law cannot compel him to discharge. It must be left to his volition. A carriage is to be esteemed rather as a luxury, than as a necessary. Whatever may be the social position and fortune of the husband, we cannot believe the common law would have compelled him, because he had not provided the wife with a carriage, to pay for one furnished her by a stranger; or that authority to the wife to purchase it would have been implied by that law. If such was the law, there would be no limit to his liability for the purchases of the wife, so long as the thing purchased was suited to her social condition and his fortune. Within that line, he would be shorn of all authority and discretion, in the regulation of his domestic expenditures, for his failure to provide would be a letter of credit to the wife, and of authority to the vendor.

In the enactment of the statutes creating the separate estates of married women, the interests and convenience of the wife are not alone consulted or regarded. It was not intended only to save the estate from the ownership of the husband, and vest it in the wife. The purpose was to create a trust estate, of which the children of the marriage are, if not technically, yet in fact, with the wife, beneficiaries, and to preserve it from the dominion of husband or wife, as a means of support to the wife and children. In furtherance of this purpose, the husband takes the income, as trustee, freed from liability to account. The income is not a gift to the husband. He takes it as trustee, as the head of the family, to be applied to the comfortable support of the wife and children. He is exempt from liability to account, because such liability would be an invasion of his authority as husband to regulate and control his domestic affairs, and would provoke litigation that would mar and destroy the peace of the family. On this separate estate, a narrow, limited liability is fixed by law — it is exempt from the satisfaction of any and all debts, whether contracted by husband or wife, other than debts " for articles of comfort and support of the household." A liability for these is fastened on the estate, without regard to the ability of the husband when they are purchased to pay for them, and without regard to whether credit for them was or not extended to the husband only. *Sharp & Wife* v. *Burns*, 35 Ala. 653. The limited liability thus imposed on the estate, indicates the intention of the legislature to guard it from waste, by the extravagance of

[Reid *v.* Moulton.]

husband or wife. " Comfort," and " support," when used in the connection in which they are found in the statute, have the same meaning, and are synonymous with *maintenance.* Terms more expressive of the narrowest signification of *necessaries* at common law, could not have been adopted. When the household are supplied with food, raiment, habitation, medical assistance, and medicines, the boundary prescribed by the statute is reached. These must be graduated to the degree of the wife's fortune, and her social position. Whatever is beyond these, however suitable to the social position of the family, and the value and extent of the separate estate, must be supplied from its income. Coverture is a disability akin to that of infancy. The separate estate of a married woman is guarded with the same vigilance with which the estate of an infant is guarded. A court of equity never permits the principal or capital of an infant to be broken in upon, except for maintenance and education. These are not, in all cases, the limit of nesessaries, for which an infant may contract, or which may properly be supplied by a guardian. It is the limit to which the court will go, in allowing the principal of the infant's fortune to be expended. The same rule must obtain, in ascertaining the liability of the *corpus* of the wife's statutory separate estate. The adoption of any other rule would open the door for waste and extravagance, which would often consume the estate, and defeat the purposes of its creation.

The judgment in the case of Ditmars & Co. is reversed, for the error in overruling the demurrer to the replication, and in the case of Gill, for the same error, and the error in the charge of the court, and the causes are remanded.