# Bradley and Wife *v.* Murray.

*Action against Husband and Wife, for Price of Goods Sold.*

1. *Wife's statutory separate estate; construction and effect of special statute.*—A special statute, authorizing a married woman "to mortgage her separate estate under the laws of this State, in any manner she and her said husband may deem advisable, for the purpose of securing the payment of any debt or debts contracted by her said husband, or which he may hereafter contract, or for the purpose of raising money to pay the same"; and declaring that its object and purpose was "to confer on her the same power to sell and convey or mortgage her statutory separate estate, with the advice and consent of her said husband, for the purposes aforesaid, which she would have if she were an unmarried woman,"—does not make her a free-dealer, nor change the *status* or tenure of her property, nor enlarge her powers over it, except in the particulars specified, nor interfere in any manner with the husband's powers as trustee, nor prevent it from being subjected to the payment of debts under the general statute.

2. *Application of partial payments.*—As to the application of partial payments on a running account, the common-law rule is abrogated by the statutory provision (Code, § 2091), which requires such payments to be first applied to the discharge of the interest due.

[Bradley and Wife v. Murray.]

3. *Liability of wife's statutory estate for necessaries, and how determined.*—In determining the liability of the husband, at common law, for necessaries furnished to the wife, his condition and social position, and the value of his estate, were deemed proper *criteria* to be taken into consideration; and in determining the liability of the wife's statutory estate for "articles of comfort and support of the family," it is proper to consider, also, the value of her estate, in connection with that of her husband, and their rank and social position; but it can not be asserted, as a legal proposition, that a recovery can not, in any case, be had against her property, without proof of the value of her separate estate.

4. *Same; what are necessaries* —"*Pipes, tobacco* and *cigars,*" are not articles for which the wife's statutory estate can be rendered liable (Code, § 2711); nor can it be rendered liable for *newspapers*, under the strict construction heretofore given to the statute, from which this court is unwilling to depart.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by Albert F. Murray, against Joseph C. Bradley and his wife, Mrs. Isabella M. Bradley; and was commenced on the 25th February, 1879. The cause of action was an account for goods sold and delivered during the years 1874 to 1878, inclusive, amounting in the aggregate to $304.70, with several credits indorsed, which left a balance of $206.65, with interest thereon amounting to $256.80. The complaint contained only the common counts, and sought a personal judgment against said Joseph C. Bradley, and a judgment condemning to sale certain lands, which were particularly described, and alleged to be held by Mrs. Bradley under the provisions of sections 2711–12 of the Code of Alabama. Mrs. Bradley pleaded, 1st, the general issue; 2d, coverture; 3d, " that neither when said suit was instituted, nor when said goods were purchased, was she the owner of the land in the complaint described, as her separate estate under the Code of Alabama, as alleged, nor by any other title or claim which renders her liable to be sued in a court of law;" and issue seems to have been joined on all of these pleas. The record does not show what pleas were filed by Joseph C. Bradley.

On the trial, as the bill of exceptions states, Mrs. Bradley offered to read to the jury, " for the purpose of showing that the property described in the complaint was not held by her as her statutory separate estate," a special statute approved on the 15th December, 1873, entitled "An act for the relief of Mrs. Isabella M. Bradley, wife of Joseph C. Bradley, of Huntsville, Madison county, Alabama," in these words: "*Sec.* 1. *Be it enacted,*" &c., " that Mrs. Isabella M. Bradley, wife of Joseph C. Bradley, is hereby authorized and empowered to mortgage her separate estate under the laws of this State, in any manner she and her said husband may deem advisable, for the purpose of securing the payment of any

debt or debts contracted by her said husland, or which he may hereafter contract, or for the purpose of raising money to pay the same ; the object and intent of this act being to confer on the said Isabella M. the same power to sell and convey or mortgage her separate statutory estate, with the advice and consent of her said husband, for the purposes aforesaid, which she would have if she were an unmarried woman ; any thing in the laws of the State to the contrary notwithstanding."—Sess. Acts 1873-4, p. 149. The plaintiff " objected to the reading of said statute as evidence, because the same is illegal and irrelevant "; and the court having sustained the objection, and excluded the special statute as evidence, Mrs. Bradley excepted.

The account sued on is annexed to the bill of exceptions as an exhibit. It consists mostly of items for books, papers, envelopes, and other articles of stationery, amounting to about $150 ; newspapers, including principally *Harper's Weekly*, *Harper's Bazaar*, *New York Ledger*, *Commercial*, &c., about $115 ; and cigars, tobacco, and pipes, about $15. " The only proof that any payments were made on said account," as the bill of exceptions states, " are the indorsements of credits placed thereon by the plaintiff's clerk. The only evidence offered by the plaintiff, to show that Mrs. Bradley had a statutory separate estate in the lands described in the complaint, was the deed hereto attached as an exhibit," being a deed from said Joseph C. Bradley to his wife, dated the 27th February, 1871, which recited that said Joseph C. had been reported as the purchaser of the lands at an administrator's sale, that the sale had been confirmed to him as the purchaser, and that he had bought the lands for the benefit of his wife, and had paid the purchase-money with funds belonging to her, and therefore conveyed the lands to her in consideration of these facts ; and this deed was admitted in evidence without objection, so far as the bill of exceptions shows. " There was no proof made by plaintiff of the value of said real estate; nor of the financial condition of either the said Joseph C. Bradley or his said wife, when said account was contracted, or at any other time. There was proof that the Bradley family had a high social standing in the community."

The court charged the jury, on the written request of the plaintiff, as follows : " Payments made and credited, not otherwise directed, must be applied to the items first appearing on the account; and they being paid for, it is immaterial from what source the money came to make such payments, provided the defendant gets the benefit of it in paying for goods sold and delivered." Mrs. Bradley excepted to this charge, and requested the following charges, which were in writing :

1. "Before the jury can find for the plaintiff, against Mrs. Bradley, the plaintiff must prove that she has a statutory separate estate." 2. "In addition to the foregoing, the plaintiff must prove the value of the separate estate of Mrs. Bradley." 3. "In addition to the two foregoing propositions, the plaintiff must, to recover against Mrs. Bradley, prove that the articles furnished were suitable to the station and degree in life of the family, and commensurate with the value of the statutory separate estate as proved." 4. "In order to recover against Mrs. Bradley, the plaintiff must have proved the value of the separate estate; and if there is no proof of its value, they can not find for the plaintiff." 5. "The statutory separate estate of Mrs. Bradley is not liable for any pipes, tobacco, cigars, or newspapers, charged in the account, and all such items must be eliminated." 6. "The law will not apply the partial payments made, in discharge of the items of the account for pipes, tobacco and cigars, although they may be among the first items of the account, as rendered and given in evidence." The court gave the first of these charges, as asked, but refused all of the others; and exceptions were reserved by Mrs. Bradley to the refusal of each.

The exclusion of the special statute as evidence, the charge given by the court on request of the plaintiff, and the refusal of the several charges asked, are now assigned as error.

WALKER & SHELBY, and D. P. LEWIS, for appellant, cited *Garrett v. Lehman, Durr & Co.*, 61 Ala. 391; *Gans v. Williams*, 62 Ala. 41; *Halliday v. Jones*, 57 Ala. 525; *O'Connor v. Chamberlain*, 59 Ala. 440; *Lee v. Campbell*, 61 Ala. 16; *Lee v. Tannenbaum*, 62 Ala. 507; *Mitchell v. Dillard & Jones*, 57 Ala. 321; *Durden v. McWilliams*, 31 Ala. 438.

SOMERVILLE, J.—There was no error in excluding from the jury, as evidence, the act of the legislature for the relief of Mrs. Bradley, approved December 15, 1873. The action is brought for the purpose of subjecting to liability her separate estate held under the statute, for "articles of comfort and support of the household," which are alleged to be "suitable to the degree and condition in life of the family." Code, 1876, § 2711. The purpose of its introduction was, to show that the property described in the complaint was not held by her as her statutory separate estate. The act in question did not affect the *status*, or tenure of the wife's property, in this particular, except *pro hac vice*. It only authorized her to *mortgage* such estate, with the advice and *consent of her husband*, for his debts, as if she were a *femme sole*.—Sess. Acts 1873, p. 149. The property owned by the wife is still

recognized in the act itself, as " her separate estate under the laws of this State." It was designed simply to confer a power in reference to it, which she did not possess without express legislative authority. It did not make her a free-dealer, nor confer the right to manage for herself her own estate; nor did it interfere with the husband's rights as trustee of such estate, in any manner whatever, as was the case in *Halliday v. Jones*, 57 Ala. 525, where a special act of the legislature was held to take the wife's property out of the operation of the general laws relating to married women's statutory separate estates. The power given could not be exercised, and was a mere dead letter, without the advice and consent of the husband, and, therefore, could not exclude any of his marital rights conferred by law.

The charge given by the court, at the request of the plaintiff, in reference to the description or appropriation of payments made by the defendants, was incorrect. The common-law rule is, that where there is a running account, with sundry items of debit and credit, in the absence of any specific appropriation, the credit will, ordinarily, be applied to the discharge of the items of debt antecedently due, in the order of their precedence on the account; but even this rule has been held to vary with circumstances.—2 Greenl. Ev. § 533. And a peremptory rule now prevails, by express legislative enactment. Section 2091 of the Code (1876) provides, that " when payments are made, the *interest due is first to be paid*, and the balance applied to the payment of the principal"; and the court should have so charged the jury.

The condition in life and social position of the husband, and the value of his estate, were proper *criteria* by which the common law measured the extent of his liability for necessaries furnished the wife.—*Cunningham v. Irvin* (7 Serg. & Rawle), 10 Amer. Dec. 458, 462, and *note; Eskridge v. Ditmars*, 51 Ala. 245. Under the statute, however, the articles of comfort and support furnished may be " suitable to the degree and condition in life of *the family*.' This rule would have proper regard, not only to the rank and fortune of the husband, but also to those of the wife, including the value of his property as well as that of her statutory separate estate. *Mitchell v. Dillard*, 57 Ala. 317, 320; *O'Connor v. Chamberlain*, 59 Ala. 431, 435. The value of the wife's estate may, therefore, become very material, and the proof of it very necessary, in order to authorize a recovery for many articles of family supply, and of comfort and support of the household. In the case at bar, the account sued on contains many such; and had the charges asked on this point been limited to them, they should have been given. But it also contains some

(18)

[Bradley and Wife v. Murray.]

others, so strictly coming under the head of *necessaries*, as to constitute a charge upon the wife's property held under the statute, regardless of its value over and above lawful exemptions. There was, for this reason, no error in refusing to give the fourth charge requested by the appellant.

The fifth charge requested should, however, have been given. *Pipes, tobacco and cigars*, are too clearly without the pale of the statute, to require discussion. Nor do we think that *newspapers* come within its provisions, under the rigorous construction given to it in the past decisions of this court. It has been repeatedly held, that "*necessaries*, for which the husband would be liable at common law *in invitum*, is the extent of the liability of the statutory estate."—*Lee v. Campbell*, 61 Ala. 12, 16. And while this term is not to be restricted to such articles as may be indispensable, it can not be construed to include mere luxuries. It has been usually held to include "food, drink, clothing, washing, physic, instruction, and suitable residence" (*St. John's Parish v. Bronson*, 40 Conn. 75 ; S. C., 16 Am. Rep. 17); the nature and character of which must vary with the degree and condition in life of the family. *Eskridge v. Ditmars*, 51 Ala. 245, 253. In *Lee v. Campbell* (61 Ala. 12, 16), it was said by BRICKELL, C. J., that "the *support*, the maintenance of the household, and not its comfort only, must be considered, in ascertaining the existence of that liability." It was held, in that case, that a smoke-house, carriage-house and fencing, did not come within the meaning of the statute. So with blinds, doors, window-sashes and window-glass, used in completing a house on the wife's lot, even where the husband is insolvent (*Lobman v. Kennedy*, 51 Ala. 163); and a pleasure carriage has been held to be a luxury, rather than a necessary (*Eskridge v. Ditmars, supra*). It may be seriously questioned, whether the past decisions of this court have not placed a construction on this statute not sufficiently liberal ; but a proper regard for the doctrine of *stare decisis* forbids any disposition on our part to unsettle it. Guided by this construction, we are of opinion, that *newspapers* do not come within that class of articles, for the payment of which a married woman's separate estate under the statute can be held liable to subjection.—3 Wait's Act. & Def. 652.

The judgment of the Circuit Court is reversed, and the cause remanded.

BRICKELL, C. J., not sitting.