(94 South. 190)

## WALLS v. SIMS.  (8 Div. 943.)

(Court of Appeals of Alabama.  Oct. 31, 1922.)

**Animals ⬤50(2)—Amended stock law held to apply to subsequent elections ordered before amendment.**

Acts 1919, p. 840, providing that no election under Code 1907, § 5888, shall be held between November 1st and July 1st, applies to an election held on November 4th, making such election invalid, although it may have been ordered by the proper authorities before the adoption of the amendment.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in trespass by Joe B. Sims against J. C. Walls. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint reads as follows:

"The plaintiff claims of the defendant the sum of $200, damages for the wrongful taking the following goods and chattels the property of the plaintiff, namely, two hogs.

"Second. The plaintiff claims of the defendant $200 damages for the wrongful, willful, vexatious, oppressive taking of the following goods and chattels the property of the plaintiff, namely, two hogs."

Defendant's pleas 2 and 3 read as follows:

"(2) The defendant for further plea says that plaintiff allowed or permitted the two pigs named in the complaint to run at large in violation of the law prohibiting stock from running at large in precinct No. 23, Marshall county, Ala., and defendant took up said pigs and sold them as provided in said law.

"(3) Defendant says for further plea to said complaint that at a court of the county commissioners held at Guntersville on the 13th day of August, 1919, the petition of J. C. Walls was presented for the holding of an election in precinct No. 23, Wrights, to determine whether or not the running at large of stock in said precinct should be prohibited by law; that the court of county commissioners upon the hearing of said petition ordered an election to be held in said precinct and adopted certain proceedings for that purpose which are recorded and fully appear in the records of said court; that in pursuance of said order an election was held in said beat on the 4th day of November, 1919; that on November 5th the said court of county commissioners did certify on the records of said court that the returns of said election had been canvassed by the members of said court, and in said record set out, among other things, that 'Stock Law Yes' received 27 votes, and that 'Stock Law No' received 23 votes, as appears from said record of said court; that there was at the time said pigs or hogs were taken up by defendant a good and valid stock law existing and in full force and effect in said precinct No. 23, Marshall county, Ala., and that said pigs or hogs were taken up on the premises of defendant."

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

The intention of the Legislature was that Act Sept. 30, 1919, p. 840, should operate only on such election as had not been called before September 30, 1919. There can be no retroactive effect, unless the Legislature clearly expresses such an intention. 158 Ala. 295, 48 South. 371; 61 Fla. 78, 54 South. 388; 57 South. 724; 19 Ala. 438; 19 Ala. 707; 58 Ala. 645; 81 Ala. 110, 1 South. 30; 83 Ala. 440, 3 South. 747; 4 Mayf. Dig. 859.

J. A. Lusk & Son, of Guntersville, for appellee.

The demurrers to defendant's pleas were properly sustained. Plea 3 shows on its face that the proceedings were void, being held after November 1, 1919. Acts 1919, p. 840.

MERRITT, J. The sole question presented and insisted upon in argument for appellant is that the amended act of September 30, 1919 (Acts of Alabama, p. 840), providing that no election under the stock law provisions of the law shall be held between November 1st and July 1st, does not apply when an election has been ordered by the proper authorities, before the adoption of the amendment, which time so provided was on November 4th, or at a time not contrary to the provisions of the law as it existed previous to the adoption of the amendment. This contention is not sound in law. The establishment of stock law districts or areas is dependent upon statutory provisions, and these provisions must in all things be carried out. All things may have been regular as to the sufficiency of the petition, the giving of the proper notices, and other steps as provided for by law, but these things could be of no avail unless the election, which is the culmination of the whole matter, is held at a time as provided by the then existing law. By such holding no vested rights are interfered with, no contractual relations are disturbed, but the legal efficacy of the election is determined by the procedure as outlined in the amendatory act, even though this act changed the time within which such elections should not be held, differing from that existent at the time the election was provided for. The time prescribed in the amendatory act must be observed just as if it was so written in the original law, where the election is held subsequent to the going into effect of the amendment. Eskridge v. Ditmars & Co., 51 Ala. 245; Cary v. Simmons, 87 Ala. 528, 6 South. 416; Enslen v. Wheeler, 98 Ala. 206, 13 South. 473; Ex parte Buckley, 53 Ala. 42.

The demurrers to the pleas setting up the holding of such an election, as indicated above, were therefore properly sustained, and it follows that the judgment appealed from must be affirmed.

Affirmed.