|     |     |
|-----|-----|
| 6   | 685 |
| 94  | 55  |
| 6   | 685 |
| 117 | 7   |

## THE STATE v. NEILL.

1. In a prosecution by the State against a husband for an assault and battery on his wife, the wife is a competent witness for the husband to disprove the charge.

NOVEL and difficult questions, from Dallas Circuit Court.

The defendant was indicted for an assault and battery upon his wife. Upon the trial, he offered to introduce her as a witness, to disprove the charge, but the court, on motion of the solicitor, considering her incompetent, excluded her, and reserved the consideration of the question for this court.

ATTORNEY GENERAL, for the State,—cited 2 Starkie's Ev. 707; Arch. P. 148; Bull. N. P. 286; 1 Hale, 301; 1 Stew. 635; Greenleaf's Ev. 391; 2 Hawk. 600.

G. W. GAYLE, contra—cited 2 Russell on Crimes, 550, top page.

ORMOND, J.—Husband and wife cannot, in general, be witnesses for or against each other. The exclusion rests, not only on great principles of public policy resulting from the marriage relation, but also because their interests are identical. To this rule, there are certain exceptions, one of which is, that the wife may be a witness for the prosecution against the husband, to prove violence or injury to her person. This was so held in Lord Audley's case, and has been considered as law ever since. Can she in such a case be a witness for him to disprove the charge. It is stated by Philips in his treatise on evidence, that she is a competent witness, [1 vol. 85,] and the authorities appear to sustain him in the position, [Rose v. Sergaint, 1 Ry. & Moody, 354,] where the opinion of Chief Justice Gibbs is cited with approbation, that in all cases where a wife can be examined against her husband, she is competent to testify for him; and upon an indictment for a forcible marriage, he permitted the wife to testify for the husband, and to prove that the elopement and marriage were voluntary.

Considered upon principle, we are unable to perceive any good reason why the wife in such a case should be excluded. The offer of the wife as a witness, presupposes the case to be made out *prima facie* by other proofs. But certainly the wife must know the fact better than any other person, and if willing to be examined, ought to be permitted to testify. It is supposed that the caresses or coercion of the husband, might induce her to conceal the fact. If the former, it would seem to prove that the breach, if any existed, had been healed, and the State could certainly have no interest in exposing to the public gaze, a matrimonial dispute, which those, most, if not solely, interested in, were willing to bury in oblivion. If the latter, it can work no injury, armed as the wife is, with power to redress herself, if such coercion is unreasonable, or amounts to the threat or infliction of punishment. Besides, there may be extenuating circumstances, known only to herself, which, if given in evidence, would mitigate or change the character of the offence. In every aspect in which we can consider the case, we think the testimony admissible, and for its exclusion, the judgment must be reversed, and the cause remanded.