The State of Missouri v. Newberry.

---

THE STATE OF MISSOURI, Respondent, *v.* JOHN H. NEWBERRY, Appellant. ·

1. *St. Louis Court of Criminal Correction—Abandonment of wife by husband, action for—Witness, wife may be.*—In case of proceedings in the St. Louis Court of Criminal Correction, based on the act of 1867 (Sess. Acts 1867, p. 112), by the wife against the husband, for abandonment, without providing her with the means of support: *held*, that she was a competent witness to testify to the fact of abandonment and its attendant circumstances, and competent to verify the complaint which recited and set out the facts.

2. *Husband and Wife, when witnesses for or against each other—Injuries committed by husband upon wife, action for.*—As a rule, the husband and wife are not allowed to testify for or against each other. But there are exceptions to the rule as well established as the rule itself. Among these exceptions are included all cases of personal injury to the wife committed by the husband. In such cases the wife is permitted to testify against the husband, on the principle of necessity. The wife is the party having the best means of knowledge, and may be the only person capable of establishing the facts in proof.

*Appeal from St. Louis Court of Criminal Correction.*

*T. G. C. Davis,* for appellant.

I. The court below ought to have quashed the complaint on the defendant's motion, because the prosecutrix, being the wife of the defendant, was not competent to make it.

II. The conduct of the prosecutrix, as proved by the defendant's witnesses on the trial, justified or excused the act of desertion as complained of, under the act of 1867, p. 112, of the laws of Missouri.

28—VOL. XLIII.

III. The statute under which the prosecution was carried on and the conviction took place should be strictly construed. The prosecutrix was not deserted by the defendant without reasonable cause and without providing for her maintenance. He left her in a far better condition than she was in before she became his wife — in the possession of a house and two lots, some personal property and cash.

*Colcord & Knight*, and *H. B. Johnson*, for respondent.

I. Agnes Newberry was competent to lodge an information against her husband, charging him with abandoning her (a charge about which no one else knew anything); and, if competent to file information, was competent to testify against him. (1 Phil. Ev. 94–5.) "It would be strange," said Buller, J., "to permit her to be a witness to ground a prosecution, and not afterward to be a witness at the trial;" and, on the contrary, if competent to testify, she was competent to lodge the information.

II. She was the only person who could lodge an information upon which a warrant could issue; for upon an *ex-officio* information filed by the prosecuting attorney only a summons can issue, which would be entirely inadequate to bring a non-resident into court, and upon which no service can be had upon a non-resident and no requisition obtained for him. (Sess. Acts 1868, p. 269, § 20.)

III. To the general rule excluding the husband and wife as witnesses there are many exceptions, which are allowed from the necessity of the case — partly for the protection of the wife, and partly for the sake of public justice. Sometimes this necessity is general, as where there is no other witness to the facts; sometimes particular, as where, for instance, the wife would otherwise be exposed, without remedy, to personal loss or injury. (1 Greenl. Ev. 343–4; 1 Phil. Ev. 94, 95; 2 Stark. Ev. 403–4; 2 Bright on Husb. and Wife, 42, §§ 25, 26.)

IV. In this case the necessity was both general and particular. There was no other witness, and without her testimony she would be remediless and public justice defeated. This case, then, comes within the reason and philosophy of all the exceptions to the

general rule.   The wife can testify to the fact of abandonment without cause in a suit for divorce, and why can she not testify to the same fact if the proceeding be different?

V.   It is not necessary that the abandonment should have been for any specified time; but if he abandoned his wife for any length of time, and failed, neglected, or refused to provide for her, it is sufficient.   ( Sess. Acts 1867, p. 112, § 1. )   This fact was determined by the court which tried the case, and the verdict will not be disturbed unless manifest injustice has been done.

VI.   This being a new statute, untried in any of the States, and a subject to which the rules of evidence have not been applied by the courts, the importance of the question becomes obvious, and the courts are to determine whether the reasons for the exception to the general rule in other cases do or do not apply with equal force to this.

VII.   This case is distinguishable from the case of The State v. David Berlin, decided at the last term of court, in this : that in that case the affidavit of the wife charged the husband with open and notorious adultery — an offense against the public, and not against her, and one which from its very nature could be established by the testimony of others ; whereas this is more particularly an offense against the wife, and one which could only be established by her testimony.

CURRIER, Judge, delivered the opinion of the court.

These proceedings were commenced in the St. Louis Court of Criminal Correction, upon the sworn complaint of Agnes Newberry, the defendant's wife.   The complaint charges that the defendant, on the 22d day of May, 1868, without good cause, abandoned his wife, the complainant, in the city of St. Louis, without providing her with the means of support.   It is based on the act of 1867 (Sess. Acts 1867, p. 112), which provides that " every husband shall be deemed guilty of a misdemeanor who shall, without good cause, abandon his wife, and fail, neglect, and refuse to maintain or provide for her."

Motions to dismiss and in arrest were made in the court below, grounded on the supposed insufficiency of the complaint, in this : that it was not sworn to and verified by a person competent to

testify on the trial of its subject matter; it being insisted on the part of the defendant that the complainant, being the defendant's wife, was incompetent to testify against him.

The case of The State v. Berlin, 42 Mo. 572, would be decisive of this if it were true in this, as it was in that case, that the wife of the arraigned party was incompetent to testify on the trial of the complaint. The complaint in that case charged adultery and other kindred offenses, of a nature susceptible of proof without the testimony of the wife; the wife was not the party likely to have personal knowledge of the facts alleged. Here the circumstances are entirely different. The wife is the party having the best means of knowledge, and may be the only person capable of establishing the facts in proof.

This prosecution is had under a statute entirely new in this State, and perhaps without precedent in the legislation of the country. It proposes to punish the husband criminally for a willful abandonment of his wife without making a suitable provision for her support. Its object is not primarily to punish the husband, but to protect the wife, and to secure her against the consequences of such desertion. In order to make effectual the beneficial purposes of the Legislature, the statute must have a sure and faithful execution, and that requires testimony. Can this be had without the employment of the wife as a witness? It might in some cases, but can it in all or most of the cases which are likely to arise? Take the present case, which is the first that has come up for adjudication. The defendant, as the testimony shows, lured his wife into the execution of certain deeds releasing her dower interest in certain lands in Illinois, upon the false pretense that he wished to dispose of his property there in order to re-invest in Kansas, where, as he represented to her, he proposed to settle. The deeds having been executed by which the title to the property was vested in the defendant's brother, the defendant, in further execution of his scheme of fraud upon his wife, brought her to St. Louis, on pretense of removing to Kansas, lodged her in a public hotel in that city, and then abandoned her, declaring his purpose never to see her again. He thus left her alone in a strange city, with only ten dollars in her possession to provide for her support. These occurrences in St. Louis—the

abandonment and the destitution—were known in the outset to these two persons alone. In a proceeding against the husband, under the statute, how are these facts to be established if the testimony of the wife is shut out? As a rule, the husband and wife are not allowed to testify for or against each other. But there are exceptions to the rule as well established as the rule itself. Among these exceptions are included all cases of personal injury to the wife committed by the husband. In such cases the wife is permitted to testify against the husband on the ground or principle of necessity; and the principle is broad enough, in our opinion, to include the case at bar. (2 Greenl. Ev. §§ 343–4; 1 Phil. Ev., Cowen & Hill's notes, 94–5.)

The practice under the English vagrant act (5 Geo. IV, ch. 83, §§ 3, 4) appears to be in exact accordance with this view. Phillips, in the volume just cited, p. 94, says: "In proceedings before justices, under the vagrant act, against a husband for neglecting to support or deserting his wife and family, it is believed to be the universal practice—as also at sessions in cases of appeal—to admit the wife as a witness. This practice is presumed to have arisen from the necessity of the case; for, although instances frequently may and must arise when all the facts necessary to a conviction might be proved by other witnesses, yet it must often happen that some of the circumstances, such as the husband's ability to support his family, or the act of desertion, could be proved only by the wife." It is to be observed, as this passage from Phillips intimates, that the wife may be a competent witness to some of the facts necessary to be established in making out a case, and not be competent as to other facts. (15 Barb. 286; 15 N. H. 45.)

The conclusion, therefore, upon the whole case, is that Mrs. Newberry, the complainant, was a competent witness to testify to the fact of abandonment and its attendant circumstances. If competent to testify to these, then she was competent to verify the complaint which recited and set out the facts. On the trial no instructions were given or asked, nor was any exception taken to evidence given or excluded.

The finding and judgment of the court is warranted by the evidence, and it is therefore affirmed.