State *v.* Dyer.

----◆----

## STATE OF MAINE *vs.* PARMENAS DYER and another.

*Wife—competency of, as witness against her husband.*

A wife is a competent witness against her husband, or against him and another person jointly, in the trial of an indictment for using an instrument with intent to procure her miscarriage while pregnant with child.

ON REPORT.

INDICTMENT against Parmenas Dyer and Benjamin F. Morrill, under R. S. c. 124, § 8, for maliciously and without lawful justification using an instrument by forcing, thrusting, and inserting it

into the body and womb of the wife of Morrill, with intent thereby to procure her miscarriage, she being pregnant with child. There was another count alleging that the use of the instrument was not necessary for the preservation of the life of the woman.

The presiding judge, in accordance with R. S. c. 134, § 26, reserved for the determination of the full court the following questions:

1. Is the wife of said Benjamin F. Morrill a competent witness against both respondents, on a joint trial of said respondents?

2. Is she a competent witness against said Parmenas Dyer, on a separate trial of said Dyer, with or without the entry of a *nol. pros.* as to said Morrill.

*Thos. B. Reed,* attorney-general, and *P. H. Stubbs,* county-attorney for the State.    R. S. c. 134, § 19, does not change the common law so far as it is applicable to this case.

When the offense charged touched the person of the wife, she can be a witness.    Lord Audley's case, 3 How. St. Trials, 402; *Rex* v. *Azire,* 1 Strange, 633; *State* v. *Boyd,* 2 Hill, S. C. 288; *People* v. *Northrup,* 50 Barb. 148; Whitehouse's case, 3 Russ. on Cr. 633; *Rex* v. *Jagger,* 3 Russ. on Cr. 633; *State* v. *Davis,* 3 Brev. 3; *State* v. *Soule,* 5 Greenl. 407.

The reason is that there are cases where she may be the only witness capable of testifying.    Wakefield's case, 2 Lewin, 279; *Rex* v. *Smith,* Leigh, 662; *Herman* v. *Drinkwater,* 1 Greenl. 67. Suppletory oath, admission of complainant in bastardy, and dying declarations sustained on same ground.

*H. L. Whitcomb,* for Dyer.

R. S. c. 134, § 19, implies that the wife cannot be a witness against the husband without his consent.    *Commonwealth* v. *Easland,* 1 Mass. 15.

In case of assault and battery, she is made a witness *ex necessitate.*    1 Arch. 496 (7th ed.).

No assault is alleged, or attempt to do personal injury.    It is not charged that the wife did not consent.    It is presumed that she

procured her husband to assist. Public policy claims that the confidence subsisting between husband and wife shall be sacredly protected, even after the marriage relation ceases. 1 Greenl. on Ev. § 337.

The testimony of the wife must affect both respondents. 2 Russ. on Cr. 983; *Puller* v. *People*, 1 Doug. (Mich.), 48; 2 Russ. on Cr. 981, note (7th Am. ed.); 1 Phil. on Ev. 78.

KENT, J. The first question presented, under the certificate of the presiding judge, made in pursuance of c. 134, § 26, R. S. 1871, is this: "Is the wife of said Benjamin F. Morrill a competent witness against both respondents, on a joint trial of said respondents?"

The charge in the indictment is, in substance, that the respondents jointly intending thereby to procure the miscarriage of the wife, did use a certain instrument in the hand of Dyer, by forcing, thrusting, and inserting the said instrument into the body and womb of said Hannah, who is the wife of said Morrill.

There is no change in the rules of the common law, in relation to the competency of husband and wife as witnesses, for or against each other, except that they may be witnesses by the consent of the other party.

We assume in this case that no assent was given.

But by the common law a wife, in certain cases, may be a witness against her husband, without and against his consent or wishes. It was found, by sad experience, that the rule in its rigor and absoluteness failed to protect the wife from the assaults and cruelties of the husband committed in secret, or when no other person was a witness of the outrage. The rule was modified to give her protection against actual or threatened personal violence and injuries. The object and purpose of the exception measures the extent of it. In a given case the inquiry must be, what is the nature of the offense charged, and is it one implying personal violence to the wife. If so, she may be a witness, not only to obtain security for herself, but also when he is charged, by indictment, with an assault

upon her. This was early settled in this State, in Soule's case, 5 Greenl. 407.

That case turned upon this point, and it was held, in the opinion given by Chief Justice Mellen, that the wife might be a witness to prove the guilt of her husband, although she was no party to the proceedings, and the charge was under an indictment for a breach of the public peace alone.

The rule of exclusion, it is well known, is based upon the unity in view of the law of husband and wife, and " the idea that her testimony would tend to destroy domestic peace, and introduce discord, animosity, and confusion." The exceptions which necessity soon forced upon the courts are based primarily on the idea that the protection of the person of the wife from actual violence and assault or cruel treatment by the husband, is of more practical importance than the legal assumption of unity, or the theoretical fears of domestic discord.

The indictment in the case before us distinctly charges gross personal violence on the person of the wife, " by forcing, thrusting, and inserting a certain instrument into the body and womb " of the wife, by the two defendants jointly.

The intent charged was to procure the miscarriage of the woman.

The case on these allegations, as they stand, is clearly one of gross violence to the person of the wife, and no one can doubt that it stands within the exception. But it is argued that the consent of the wife would take away the foundation on which the exception rests, and that if established the wife cannot be examined.

The case, as presented in the indictment and in the question propounded, is silent on this point of assent on the part of the wife. It is urged, that from the nature of the charge her assent must be implied. But this is clearly not an inference of law, nor is it one that necessarily must be drawn from the nature of the injury to the person. It may have been done by actual violence, by confining the limbs, and preventing any outcry, and against the protestations and refusals of the woman. Or it may have been effected by less

violent means, and yet without the assent of the female, either express or implied.

And beyond this we may say, that the crime charged is one committed by the husband in the presence of the wife. Although this fact, in itself, would not render the testimony of the wife admissible, yet it may have an important bearing on the question of assent or consent.

The *prima facie* presumption is, that the wife acted under the coercion of the husband, if he was actually present, when the crime was committed. *Marshall* v. *Oakes*, 51 Maine, 308.

Although the wife may have, in fact, submitted to the operation, if that submission was obtained by and through the power, influence, commands, or even the persuasions of the husband, acting in his marital relation, and the offense was consummated on the person of the wife in the presence of the husband, both the legal presumption before stated and the actual facts justify us in applying the benefit of the exception to her case. The offense is clearly one that includes the element of personal violence to the wife, and whenever that appears the wife may as well be admitted to testify, as where the charge is by the State of a breach of the public peace.

One of the reasons for her admission in the latter case, given in the case of Soule, before cited, is that "other proof can be seldom presumed to exist or be attainable." The crime of abortion or an attempt to commit it is peculiarly one in its nature secret. Ordinarily no witnesses beyond the participants are present at the act, and darkness and secresy are almost always concomitants of the wicked transaction. It is also a crime which is alarmingly increasing in the community, and we have no hesitation in extending the exception before alluded to for the protection of the person of the wife.

The first question proposed, which is, "Is the wife of said Benjamin F. Morrill a competent witness against both respondents?" we answer in the affirmative.

It is unnecessary to give an answer to the second question, which is, "Is the wife of said Benjamin F. Morrill a competent witness

against said Parmenas Dyer, on a separate trial of said Dyer, with or without the entry of a *nol. pros.* as to said Morrill?" We, however, answer it in the affirmative.

APPLETON, C. J.; WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.