Boynton, J.
At common law, the general rule is well settled, that husband and wife are incompetent to testify for or against each other, either in civil or criminal cases. And while the rule has been largely modified in civil cases, and the incompetency to a great extent removed, in criminal cases it still prevails. Steen v. The State, 20 Ohio St. 333. But at an early date, an exception, said to arise from necessity, was declared to exist in cases of personal injury to the wife inflicted by the husband. The first reported case, in which the point was adjudicated, was that of Lord Audley, decided in 1631. He was accused of aiding and assisting another in the commission of a rape upon his wife ; and upon the trial the question of the wife’s competency to give evi *89 dence against him was submitted to the judges, who unanimously resolved, that, being the party upon whom the •crime was committed, she was a competent witness.
Excepting a few cases at nisi prius, where the wife’s testimony was rejected (Rex v. Griggs, 1 L. Raym, 1), the exception has uniformly prevailed, and is now as firmly established as the rule itself. Rex v. Azire, 1 Stra. 633, was ■■a case of a simple assault by the husband upon the wife, and her testimony was admitted. Where the husband was indicted for shooting at his wife, she was held a competent witness. Roscoe’s Cr. Ev. 125. In Rex v. Jagger, 1 East P. C. 455, the husband was tried and convicted of an attempt to poison his wife, and she being admitted as a witness .against him, the twelve judges, upon a point reserved, held that her evidence was properly received. Rex v. Wasson, 1 Crawf. & Dix, 197, was a similar case, and decided the .same way. (
In Woodcock's case, 1 Leach C. C. 500, and in Rex v. John, 1 East P. C. 357, the dying declarations of the wife were received against her husband, upon the principle there asserted, that had she. survived, she would have been competent to establish the violence that resulted in death.
The same principle prevails in cases where the wife is called by the h asband. In Murphy v. Commonwealth, 4 Allen, 491,-it was held, that on an indictment against the husband, for an assault upon the wife, she is a competent witness for him, to disprove the assault. See also Rex v. Sergeant, R. & M. 352 ; State v. Neil, 6 Ala. 685.
But it is said that if the rule permitting the wife to testify in these exceptional cases, is admitted at all, it is restricted and confined to cases where there are no other witnesses to the transaction in which the wife was injured. This limitation, although adopted in one or two of the •earlier cases, has long since been rejected. In Bentley v. Cooke, 3 Doug. 422, it was said by Lord Mansfield, that the ■“ necessity which calls for this exception is not a general •necessity, as where no other witness can be had, but a particular necessity, as where, for instance, the wife would *90 otherwise be exposed without remedy to personal injury.”’ And in Reeve v. Wood, 5 Best & Smith, 864, Crompton, J., giving a wider foundation to the exception, and a more-satisfactory reason for its existence, said: “ The exception to the general rule, excluding the wife as a witness against her husband, arose partly from the mischief which would have followed from her exclusion, partly from necessity, and partly from the consideration that she was in reality the prosecuting party.” The principle upon which either of these eases asserts the competency of the wife in prosecutions for an injury to her person, committed by the husband, renders the presence or absence of third persons, at the time of the assault, entirely immaterial.
It remains to inquire whether the same principle or rule obtains where the husband sustains a personal injury through the unlawful conduct of the wife. "We have not been referred to any case directly deciding the point. The elementary writers are fully agreed that the husband is equally competent to testify, where he is the party injured through th& personal violence or misbehavior of the wife. In Best on Evidence, 271, it is said: “ "Where one of the married parties used, or threatened, personal violence to the other,, the law would not allow the supposed unity of person in the husband and wife to supercede the more important principle that the state is bound to protect the lives and limbs of its citizens. Thus, in an indictment for an assault and battery on the wife, or vice versa, the injured party is a competent witness.”
In 1 Arch. Cr. Pr. & PI. 472, the author says : “ A wife can not be examined as a witness for or against her husband, or a husband as a witness for or against his wife, except in case of a personal injury committed by the one upon tie other, in which case, from necessity, the one'may be a witness against the other.” Mr. East, in 1 East P. C. 455, closes a discussion of the exception to the general rule, by saying : “ I conceive it to be now settled, that in all eases-of personal injuries committed by the husband or wife against each other, the injured party is an admissible wit *91 ness against the other.” 1 Whar. Or. L. § 767; 1 Greenlf. Ey. § 343 ; 2 Bish. Cr. Prae. § 69; and Stephen’s Dig. of Evidence, art. 108, are to the same effect.
We are of the opinion that the exception stated prevails-where either the husband or wife is on trial for a personal injury inflicted on the other, and that the party injured is-a competent witness against the other.
In Steen v. The State, supra, the court declared the general rule. It was not a case of bodily injury to the wife. The question of the existence of an exception to the rule,, excluding the wife from testifying against her husband, was not considered or decided. The remaining exceptions to-the ruling of the court below do not present any question, the decision of which it is important to report. It is sufficient to say that, in our judgment, no error was committed at the trial.

Judgment affirmed.