# Tucker *v.* The State.

*Indictment for Assault and Battery.*

1. *Husband and wife; competency as witnesses for or against each other.* It must be regarded as settled, that when, in any case, husband and wife are competent witnesses against each other, they are also competent witnesses for each other.

2. *Same; when wife competent witness for husband in criminal case.* On the trial of the husband for an assault and battery on his wife, she is a competent witness for him.

APPEAL from Choctaw Circuit Court.
Tried before Hon. WILLIAM E. CLARKE.
The facts are sufficiently stated in the opinion.

L. R. SMITH, for appellant, cited 2 How. P. C. c. 46, § 70; 1 Greenl. Ev. § 343; 1 Phil. Ev. pp. 83–5; 2 Rus. on Cr. (5th Amer. Ed.), 986; *State v. Neill*, 6 Ala. 685; 4 Allen, p. 491.

H. C. TOMPKINS, Attorney-General, for the State. (No brief came to the hands of the reporter.)

BRICKELL, C. J.—The appellant was indicted for an assault and battery on Sallie Tucker, shown to have been his wife

at the time the offense was charged to have been committed. At the trial, he called and offered his said wife as a witness in his favor; but, on motion of the solicitor, the Circuit Court excluded her; to which the appellant excepted, and, having been convicted, now claims the exclusion as error.

In civil suits, at law and in equity, the principle of the common law, founded on the unity of the marriage relation, the identity of interest existing between husband and wife, and upon considerations of public policy, disqualified them as witnesses for or against each other; and it was a rule, so inviolate that no consent would authorize its breach, that neither of them in any cause, civil or criminal, was permitted to give any testimony tending to criminate the other. In *Bently v. Cooke*, 3 Doug. 422, Lord MANSFIELD said, that there never had been any instance, in a civil or criminal case, where the husband or wife had been permitted to be a witness for or against each other, except in case of particular necessity, as where the wife would otherwise be exposed, without remedy, to personal violence. The necessity of protecting the wife from personal violence, and of preserving the public peace, was supposed to overbalance the principle of public policy, upon which the rule of exclusion was founded.—*People v. Mercein*, 8 Paige, 47. If the question were new, if it were not settled, then there would be room for just doubts, whether the exception could be so extended as to authorize the introduction of the wife as a witness for the husband, when he is charged with violence to her person. But it seems to be settled, as is stated by Mr. Greenleaf, that in all cases, where the wife may be called as a witness against the husband, she is a competent witness in his favor. 1 Greenl. Ev. § 336; Whart. Cr. Ev. § 394a; 3 Russ. on Cr. 633. In *Rex v. Serjeant*, Ryan & Moody, 352 (21 Eng. Com. Law, 453), it was said by ABBOTT, C. J., that there is no distinction between admitting a wife for and against her husband, that the principle is exactly the same. The question was determined by this court in *State v. Neill*, 6 Ala, 685, which, like the present case, was a prosecution of the husband for an assault and battery upon the wife. The court said: "Considered upon principle, we are unable to perceive any good reason why the wife, in such a case, should be excluded. The offer of the wife as a witness presupposes the case to be made out *prima facie* by other proof. But certainly the wife must know the fact better than any other person, and, if willing to be examined, ought to be permitted to testify." We think it must be regarded as settled, that when, in any case, husband and wife are competent witnesses against, they are are admissible witnesses for, each other.

The Circuit Court erred in the exclusion of the wife as a

[Grattan v. The State.]

witness, and because of the error, the judgment must be reversed and the cause remanded. The appellant will remain in custody, until discharged by due course of law.