SAUTER & ADAMS, Defendants in Error, v. M. L. SCRUTCH-FIELD, Plaintiff in Error.

Kansas City Court of Appeals, December 5, 1887.

1. HUSBAND AND WIFE—LIABILITY OF HUSBAND FOR GOODS PUR-CHASED BY MEMBERS OF HIS FAMILY—AGENCY.—Where the evidence shows, as in this case, that the goods were purchased by the wife, or by the daughters in their mother's presence, the plaintiff should prove, either that the goods were purchased by the authority of the husband; or that they were necessaries, and that he had neglected or refused to furnish them. If the goods purchased extend to matters affecting the household, of which she is generally in charge, the presumption is she had authority from the husband for the purchase · This principle belongs wholly to the law of agency, and has nothing to do with the legal obligation devolving on the husband by virtue of the marriage tie. But this presumptive authority may be withdrawn by a cessation of cohabitation; or by notice to the tradesman, or by proof that the husband had never given such authority. In either of such events the tradesman could only supply necessaries, and these he would furnish at his peril.

2. —— LIABILITY FOR NECESSARIES—SUPPORT FOR WIFE AND CHIL-DREN.—As to such necessaries the wife and children are, at least, entitled to support from the husband, regardless of his financial condition; and by the marriage she becomes an irrevocable agent to pledge his credit for necessaries for her support if he fails to supply them himself; at least, she is such agent so long as she is not separated from him by her fault. Such goods may be furnished against the husband's command. Practically, what shall be con-sidered necessaries will vary with the rank, position, and fortune of the husband; and is generally a question for the jury, but if they be articles clearly outside of household affairs, or luxuries, the court should so declare as matter of law.

3. —— COMPETENCY OF WIFE AS WITNESS, UNDER SECTION 4014, REVISED STATUTES.—Section 4014, Revised Statutes, provides that the wife shall not be disqualified as a witness, in business transacted by her as agent of her husband. In some cases the agency must be proved by other testimony, but in cases such as this proof that she was his wife, and cohabiting with him as such, establishes her agency. And if the goods, in this case, were necessaries the wife would still be a competent witness in the cause, if not on account of agency on the ground of necessity. She is also a com-petent witness for him in such cases.

ERROR .to Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

W. M. DRAFFEN, for the plaintiff in error.

I.   The court erred in refusing to permit the wife of defendant to testify as a witness in the trial of this cause.   Plaintiff can hold defendant liable solely on the ground of her agency.   *Tuttle v. Hoag*, 46 Mo. 38 ; *Harshaw v. Merryman*, 18 Mo. 106.   That being true, she is a competent witness.   Rev. Stat., sect. 4014.   And if she were defendant's agent to bind him for plaintiff's debt, she was competent to testify as to the indebtedness. Rev. Stat., sect. 4014 ; *Stanton v. Ryan*, 41 Mo. 510.

II.   This case does not come within the purview of those cases which hold that the appellant must set out the facts which he expects to prove in order to have the benefit of their exclusion.   The case is predicated upon the theory that the wife made the purchases as agent for the husband.   If the reverse be true they certainly had no case in court.   It is unnecessary that he should make a legal argument in order to show the competency of his witness.   Rev. Stat., sect. 4014.

III.   The court erred in giving plaintiff's first instruction.   An instruction purporting to cover the whole case should state all the facts necessary to plaintiff's recovery.   *Fitzgerald v. Hayward*, 50 Mo. 516 ; *Ellis v. Wagner*, 24 Mo. App. 407.   This instruction authorized a recovery unless the plaintiff had been notified not to sell upon the credit of defendant, and placed the burden of proving such notice on the defendant.   The mere fact that the purchases were made by the wife and daughter of defendant did not bind him.   The plaintiff could only recover upon the ground that they were his agents in making the purchases, and manifestly the bur-

den of proving this was upon the plaintiff who alleged
it.    *White v. Mann*, 8 West. Rep. 558; *Tuttle v. Hoag*,
46 Mo 38.

IV.   The first instruction on behalf of plaintiffs is
in direct conflict with the second instruction given in
behalf of defendant.    It is impossible to tell by which
view of the law the jury were governed.    *Schneer v.
Lemp*, 17 Mo. 142 ; *Henschen v. O'Bannon*, 56 Mo. 289 ;
*State v. Nauert*, 2 Mo. App. 295.

V.   The court erred in refusing defendant's first
instruction.    *White v. Mann*, 8 West. Rep. 558.    The
refusal of this instruction and the giving of the first on
behalf of the plaintiffs clearly shows that the case was
tried upon a wrong theory, in this, that the mere pur-
chase of the goods by the wife and daughter being
proved rendered the defendant liable, unless he had given
express orders not to sell on his credit ; that the mere
sale to the wife and daughter made the defendant liable,
and want of authority must be proved by him.    The
converse is the law.    *White v. Mann*, 8 West. Rep. 558.

VI.   The court erred in refusing the fourth instruc-
tion asked by defendant.    It declared the law properly
and was pertinent to the case, under the evidence.    *Per-
rin v. Wilson*, 10 Mo. 451.    Story on Contracts, sect.
77, p. 81.


S. H. BLAYDES and COSGROVE & JOHNSTON, for
the defendants in error.

I.   Mrs. Scrutchfield was not a competent witness
to prove her own agency.    *Williams v. Williams*, 67
Mo. 661.    In order to render a married woman competent
as a witness, under the statute, when her husband is
a party, it must appear that the matter to which she
is called to testify was a business transaction which was
had and conducted by her as the agent of her husband.
*Wheeler & Wilson M'fg. Co. v. Tinsley*, 75 Mo. 458.
And the burden was upon the defendant to prove the
state of facts which made her a competent witness.
*Williams v. Williams*, 67 Mo. 661.

'II.   Plaintiff in error in his second point says, "she
(the wife) certainly was competent to state what she
bought and the prices thereof."   We answer, not unless
she purchased as the authorized agent of her husband,
which he positively denies.   Rev. Stat., sect. 4014.   We
further contend that it was the duty of the defendant to
have informed the trial court of the facts he expected to
prove by his wife.   The statute makes her a competent
witness for certain purposes only, and it was the duty
of the husband, in offering her as a witness, to show to
the court that it was for a purpose permitted by the
statute.   Rev. Stat., sect. 4014.   *Prima facie* she
was incompetent.   How was she to be made competent?
By evidence proving certain facts which made her com-
petent.   And these facts should have been established
by other evidence than her own.   *Williams v. Williams*,
67 Mo. 661.

III.   The first instruction asked by plaintiffs and
given by the court correctly stated the law.   It covered
the whole case and stated all the material facts necessary
to plaintiffs' recovery.   The law presumes the wife to
be the agent of the husband in the purchase of necessa-
ries for herself or family, and the burden of proving the
contrary rested upon the defendant.   Tyler on Infancy
and Cov., sect. 222.

IV.   There is no conflict between the first instruc-
tion on behalf of plaintiffs and the second given on
behalf of defendant.   The only conflict is in the incon-
sistent defences attempted to be made by the defendant.
At one time he treats the wife as the sole purchaser, at
another, as appears from all his instructions, he would
have the jury believe the daughter purchased all the
goods.

V.   There was no error in refusing the first instruc-
tion asked by defendant.   The evidence shows his
daughter was a member of defendant's family; that
defendant had been a customer of, and traded with,
plaintiffs since 1871, and that the daughter had been in
the habit of buying goods from plaintiffs and having

them charged to defendant with his consent, and that he paid for them. Under these circumstances she was presumed to have authority to purchase necessaries for herself or the family. *Murphy v. Ottenheimer*, 84 Ill. 39. And the burden of showing that such authority had been revoked and that the plaintiffs had notice thereof was upon the defendant. *Murphy v. Ottenheimer, supra.*

VI. There is no inconsistency in the position of plaintiffs in bringing this suit, and objecting to the testimony of the wife. They would be entitled to recover if the daughter or any other agent purchased.

VII. There was no error in refusing the fourth instruction asked by defendant. We do not hold defendant liable for the purchases made by his daughter, because she was his child, but because she was his agent.

ELLISON, J.—This action was commenced before a justice of the peace on an account for goods purchased of plaintiffs who are merchants. Plaintiffs recovered below and defendant prosecutes this writ of error. The evidence shows the goods to have been furnished to defendant's wife and were mostly articles for the use of their daughter. If any purchases were made by the daughter they appear to have been made in the mother's presence. Both wife and daughter lived with defendant as members of his family. The objections urged here by defendant are as to the instructions given and refused; and in refusing to permit the wife to testify in defendant's favor.

The case does not appear from the instructions and evidence with sufficient clearness to enable us to determine accurately as to the theory on which the cause was tried, but as the judgment will be reversed on account of an error in a ruling upon the evidence we will not discuss the instructions, but content ourselves with a statement of the legal principles which should govern a case of this kind.

Since the evidence seems to show that the goods, though mostly for the use of the daughter, were pur-

chased by the mother, or by the daughter in the mother's presence, I shall consider the purchases as made by the mother.

I.   In cases of this nature the plaintiffs should prove, either, that the goods were purchased by authority of defendant, expressed or implied, or, that they were necessaries and that he had neglected or refused to furnish them.   If necessaries no authority is needed when not furnished by the husband. *Raynes v. Bennett*, 114 Mass. 424; *Miller v. Brown*, 47 Mo. 508.   If the goods purchased extend to matters affecting the household, of which she is generally in charge, the presumption is she had authority from the husband for the purchase.   2 Smith's Leading Cases, 512.   "Thus, in the division of labor between a husband and his wife, she commonly looks after the household, and more or less after the family supplies.   If, therefore, she orders things from a grocery, or, indeed, from any other dealer, of the sort commonly consumed in the family, the presumption is more or less violent that she was authorized."   1 Bishop M. & D. sect. 411.   To the same effect is Chitty on Contracts, 234.   In Parsons on Contracts, 386 (bottom page), it is said, the purpose and comfort of married life would be defeated or obstructed if the wife had not a general authority to purchase such articles as are necessary for the use of the family.   So, in keeping with this, it is held in an English case (*Phillipson v. Hayter*, L. R. 6 C. P. 38) that a wife has an implied or presumptive authority to pledge her husband's credit for such things as fall within the domestic department, ordinarily confided to the wife's management, and are necessary and suitable to the style in which her husband chooses to live.   "Her authority extends to all those matters which fall within the department, as, for instance, the supply of provisions for the house, clothing for herself and children, and things of that sort."

This principle belongs wholly to the law of agency, and has nothing to do with the legal obligation devolv-

ing on the husband by virtue of the marriage tie.  2
Smith's Leading Cases, 512 (top page).    I should,
therefore, hold that if the articles purchased are such as
are ordinarily used in households, such as the husband
maintains, he will be liable, notwithstanding it may
turn out that the articles were not necessary to the
comfort of the family, or were not needed, unless it was
known they were not needed.    The tradesman, in such
cases, will not be required to look into the state of the
family larder or the condition of the family wardrobe.
This, upon the principle of a general agent acting within
the apparent scope of his discretion and authority.    This
presumptive authority may be withdrawn by a cessation
of cohabitation (*Reese v. Chilton*, 26 Mo. 598), or by
notice to the tradesman, or by proof that the husband
had never given such authority.    In either of such
events, the tradesman could only supply necessaries,
and these he would furnish at his peril.    It would be
incumbent on him not only to show the articles furnished
were necessaries, but that the husband failed or refused
to supply them.    *Barr v. Armstrong*, 56 Mo. 577, 588.

II.    As to such necessaries, I will add that the wife
and children are entitled to, at least, support from the
husband, regardless of his financial condition, and by
the marriage, it is said, she becomes an irrevocable
agent to pledge his credit for necessaries for her support
if he fails to supply them himself.    1 Bishop M. & D.
sects. 551, 558 ; 1 Bishop Married Women, sect. 403.
At least she is such agent so long as she is not separated
from him by her fault.    While, following the old books,
it is said the wife is the agent in such cases, yet, in point
of fact, his liability does not depend on the doctrine of
agency,    "but is rather an authority to do for him
what law and duty require him to do, and which he
neglects and refuses to do for himself ; and is applicable
as well to supplies furnished to the wife when she is
sick, insensible, or insane, and to the care of her lifeless
remains, as to contracts expressly made by her."    *Cun-
ningham v. Reardon*, 98 Mass. 538.    That case was for

funeral expenses. That such liability does not depend on the theory or doctrine of agency is apparent when we consider that the goods may be furnished against the husband's command, and, as was said in the case last cited, the liability may arise for supplies furnished to the insane or for the dead : two conditions in which an agency certainly could not exist. It would present the singular aspect of an agency without an agent. It would be far more reasonable to regard it as an original and direct liability in the husband, created by the marriage. 2 Smith's Lead. Cas. 512 ( top page ).

Necessaries, it is said, consist of food, drink, clothing, washing, physic, instruction, and a suitable place of residence. *St. Johns Parish v. Bronson*, 40 Conn. 75. These may be regarded as the strict necessities of support; but the husband, who may control the style of living, may, by the mode of life which he adopts, confer upon her a power to pledge his credit for more than the mere necessities of life. Such power is under the control of the husband ; that is to say, by a change in his style or mode of life, he may enlarge or restrict the authority. Practically, what shall be considered as necessaries will vary with the rank, position, and fortune of the husband (1 Bishop M. & D. sect. 554), though it should never go to the extravagance of mere luxury. What then should be considered necessaries, in the given case, is generally a question for the jury. This is so when the articles in dispute are such as may be used in household affairs, whether of the affluent or the poor. But if they be articles clearly outside of household affairs, or luxuries, the court would so declare as a matter of law. *Raynes v. Bennett*, 114 Mass. 424 ; *Eames v. Sweetzer*, 101 Mass. 78 ; *Willey v. Beach*, 115 Mass. 559 ; *Phillipson v. Hayter*, L. R. 6 C. P. 38.

III.   The next question presented is whether the defendant's wife was a competent witness in the cause ; and if she was, could she be a witness *for* her husband ? The statute of 1879 (sect. 4014) provides that she shall not be disqualified as a witness in any "matters of busi-

ness transactions when the transaction was had and conducted by such married woman as the agent of her husband." It is contended, and properly so, that if she is to testify as the agent of her husband such agency must be proven by some other testimony than her own. *Williams v. Williams*, 67 Mo. 661. But if the purchases are of such character and description as to fall under the principle stated in the first division of this opinion, and it is shown she was the wife of the defendant, cohabiting with him as such, her agency is established, *prima facie*. The law attaches the presumption of agency, as has been shown.

IV.   If the goods were necessaries which the defendant failed or refused to furnish, thereby falling under the principle stated in the second division of this opinion, the wife would still be a competent witness in the cause, if not on account of agency, on the ground of necessity.   A married woman is excluded as a witness from motives of public policy.   *Lucas v. Brooks*, 18 Wallace 453.   "Whenever, therefore, the policy or necessity of admitting her as a witness against her husband is sufficiently strong to overbalance the principle of public policy upon which the general rule of exclusion is based, she ought to be received as a witness."   *People v. Merrien*, 8 Paige, 47; Bishop M. & D., sect. 624.   I think a case of this kind should form one of the exceptions to the rule that a wife is debarred from being a witness for or against her husband.   The fact that she has not been supplied with the necessaries of life is a matter peculiarly within her own knowledge, and in the privacy of domestic life, is generally unknown to others.   As was said by Dixon, C. J., in *Bach v. Parmely* (35 Wis. 238): "If the wife were not competent to testify in such case, it would often, and probably in a majority of instances, happen that proof of the facts and circumstances attending her expulsion and showing that she was driven from her home by the cruelty and misbehavior of her husband, could be given; and the result would be that no means would exist of enforcing that duty which the law im-

poses upon the husband to pay for the necessaries furnished to the wife thus driven out homeless and starving into the world." It was held in this state, under a statute making the husband guilty of misdemeanor who should abandon his wife *and* fail to support or provide for her, that she was a competent witness against him on the ground of necessity. *State v. Newberry*, 43 Mo. 429. Such is the practice under the English vagrant act. *Ib.* While the wife would not be competent as to all matters which might arise in such a case, because the reason of the rule would not apply to all such matters, yet I have no doubt as to her competency to prove her husband had failed and refused to provide necessaries.

V. In this case the wife was offered as a witness for her husband and the question arises, if she is a competent witness against him, is she for him? I am of the opinion she is. 2 Russell on Crimes, 986; *Rex v. Seargent*, R. & M. 352. The question, it seems, had been decided in *King v. Perry* before the case of *Rex v. Seargent* and in the latter case Abbott, C. J., said, "The *King v. Perry* was much talked about at the time, and Chief Justice Gibbs expressed his surprise that any doubt should have been entertained that a wife was in all cases a competent witness for her husband, when admissible against him." Greenleaf (sect. 336) gives the rule his sanction, resting for authority alone on the case of *Rex v. Seargent*. But I find the rule has received direct approval in the following cases: *State v. Neill*, 6 Ala. 685; *Tucker v. State*, 71 Ala. 342; *Commonwealth v. Murphy*, 4 Allen, 491; *The People v. Fitzpatrick*, 5 Park. Cr. [N. Y.] 26.

The other judges concurring, the judgment will be reversed and the cause remanded.