# Johnson *v.* The State.

*Indictment for Assault and Battery.*

1. *Wife as witness against husband.*—On a prosecution of the husband for an assault and battery on the wife, the latter is not only competent to testify as a witness against him, but may be required to do so against her objection.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, Wesley Johnson, was indicted for an assault and battery on his wife. On the trial, Mrs. Johnson, his wife, was introduced by the State as a witness, "but refused to testify unless under compulsion by the court." It was admitted that she had never made any complaint against him, nor testified as a witness against him on account of the assault, before the grand jury, the committing magistrate, or any court or officer; and she had been attached and detained in custody as a witness, in default of bail for her appearance. On these facts, the court required her to testify, and she did testify to the fact and the circumstances of the assault, against the objection and exception of the defendant.

[Johnson v. The State.]

Jno. Gindrat Winter, for appellant, cited *State v. Neill*, 6 Ala. 685; *Woods v. State*, 76 Ala. 35; *Cotten v. State*, 87 Ala. 75.

Wm. L. Martin, Attorney-General, for the State, cited 1 Greenl. Ev., § 343; 1 Bish. Crim. Pro., § 1153; 2 *Ib*. 69; *Tucker v. State*, 71 Ala. 342.

McCLELLAN, J.—The sole exception reserved on this record goes to the action of the trial court in *compelling* the defendant's wife to testify on his trial upon a charge of assault and battery committed upon her person. The right of the wife to testify in such case, her competency as a witness, is admitted. We do not think there can be any doubt of the power of the court to compel her to testify. She is made competent for her own protection not as an individual simply, but as an individual member of society, and that society—the public—has an interest in her testimony, to the end that crime may be punished, which is distinct from any purely personal right of hers, and which she can not waive. Upon considerations of this character the law has come to be well settled in recognized texts, and by adjudications of courts of high standing, that the wife is not only competent in such cases, but is compellable to testify. Mr. Justice Stephens, in his Digest of the Law of Evidence, which is incorporated bodily in the American and English Encyclopœdia of Law, as "containing the most clear and concise statements of the law of evidence extant," declares the rule to be, "that in any criminal proceeding against the husband or wife, for any bodily injury or violence inflicted upon his or her wife or husband, such wife or husband is competent, and compellable to testify."—7 Am. & Eng. Encyc. of Law, p. 102. And so it has been expressly declared in the following well considered cases: *Turner v. State*, 60 Miss. 351; s. c., 45 Am. Rep. 412; *Dumas v. State*, 14 Tex. Ct. App. 465; *Bramlette v. State*, 21 Tex. Ct. App. 611; s. c., 57 Am. Rep. 622.

Moreover, the wife's competency being conceded, and her testimony being relevant, it is not perceived that any legal wrong is done to the defendant by compelling her to testify. As was said in *Turner v. State*, *supra*, "If the proposition be [as is contended in this case] that the wife has only a privilege of testifying or not, as she may elect, it is clear that the appellant can not assign for error the action of the court in compelling her to give testimony over her objection; for, if the action of the court be error, it is the privilege of the witness, and not the legal right or immunity of the defendant,

[Hornsby v. The State.]

which is impaired."—1 Green. Ev., § 451; 2 Phil. Ev. 941; Roscoe's Cr. Ev. 146; *Rex v. Kinglake*, 11 Cox, C. C. 499; *Bramlette v. State*, 57 Am. Rep. 622.

In *State v. Neill*, 6 Ala. 685, may be found expressions which seem to give importance to the wife's willingness to testify in cases of this sort; and so, in *Cotten v. State*, 87 Ala. 75, and *Woods v. State*, 76 Ala. 35, some basis for an argument opposed to our conclusion on the first point considered may be afforded; but, in the first case, the language used was a mere *dictum* of the court, employed casually and *arguendo* only; in the last two, what was said had no reference to the competency of the wife to testify against her husband, when an offense against her person is charged; and in all of them the declarations of the court were palpably made in view or with reference to the principles which obtain in cases where the husband's rights are only collaterally involved, and, of course, where the element of violence toward the person of his wife is not the *gravamen* of the proceeding. There is nothing in any of these cases which militates against the power of the court to compel the wife to testify upon the trial of the husband on a charge of assault and battery committed upon her.

The judgment of the City Court is affirmed.

