# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1897.

## Clarke *v.* The State.

*Indictment for Murder.*

1. *Murder of infant; indictment need not allege sex.*—An indictment for murder, which charges the defendant with killing an infant child by the unlawful beating of the mother while she was pregnant with the child, causing its death after birth, need not aver the sex of the child ; and a description of the child only by reference to its maternity, or by alleging that its name was to the grand jury unknown, is sufficient.

2. *Evidence; competency of husband and wife as witnesses for or against each other.*—While the general rule of the common law, which excludes husband and wife as witnesses for or against each other in criminal cases or proceedings, obtains in this State, it is a well recognized exception to this general rule, that in all cases where the element of personal violence on the part of the husband or wife towards the other is a necessary constituent of the offense charged, the injured party is a competent witness.

3. *Same ; same ; when murder of infant caused by beating mother.*—On a trial under an indictment charging the murder of an infant child, whose death after its birth was alleged to have been caused by the defendant unlawfully beating his wife while pregnant with the child, the wife is a competent witness for the defendant.

4. *Homicide ; murder when infant killed by injuries received before its birth.*—Where a child born alive afterwards dies by reason of injuries or blows received before its birth, which were inflicted at the time of the unlawful beating of its mother, the offense committed is that of murder, and not manslaughter; malice, the essential ingredient of murder, being implied from the fact that death ensued from an act done without lawful purpose and which was dangerous to life.

5. *Same ; same ; when murder in second degree.*—On a trial under an indictment charging the murder of an infant child, whose death after its birth was alleged to have been caused by the defendant unlawfully beating its mother while pregnant with the child, where there is no evidence that the alleged beating of the mother was with an intent

[Clarke v. The State.]

to take life, which is the equivalent of expressed malice, the offense, if otherwise proven as averred in the indictment, is murder in the second degree, as contradistinguished from manslaughter; and in such case it is not error for the court, in the instructions given to the jury, to limit them to the consideration of murder in the second degree, and to refuse to give instructions relating to manslaughter.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. W. FOSTER.

The substance of the indictment, under which the defendant in this case was convicted for murder in the second degree and sentenced to the penitentiary for ten years, is sufficiently stated in the opinion. To the indictment the defendant demurred upon the following grounds: 1st. The indictment fails to state the name of the infant alleged to have been killed by the defendant. 2d. The indictment fails to name or state the sex of said infant named in the indictment. 3d. The indictment fails to allege or charge the defendant with any crime known to the laws of the State of Alabama. This demurrer was overruled, and the defendant duly excepted.

The evidence introduced in behalf of the State tended to show that the defendant was guilty as charged.

The defendant offered to introduce as a witness in his behalf, his wife, Bethany Clarke, who was shown to be the mother of the infant alleged to have been killed. The defendant stated at the time that he proposed to examine said witness only as to the alleged beating, and to prove by her that the defendant had never beaten her or whipped her at the time mentioned by the witnesses for the State, or at any time. The State objected to the wife of the defendant being introduced as a witness, upon the ground that being the wife of the defendant she was not a competent witness in the case. The court sustained this objection, refused to allow the witness to testify, and to this ruling the defendant duly excepted. The evidence introduced in behalf of the defendant tended to show that he did not beat his wife, Bethany Clarke, and that if he did hit her at all there was not such punishment as would have resulted in the death of the infant.

In the court's oral charge to the jury, among other things, he instructed them as follows: (1.) "This case does not involve a charge of murder in the first degree,

and that they would, therefore, not consider the evidence with reference to that degree of crime." (2.) "If a woman be quick with child, and by a potion or otherwise killeth it in her womb; or if a man beat her, whereby the child dieth in her body, and she is delivered of a dead child, this is a great misprision, but no murder; but if the child be born alive, and dieth of the potion, or battery, this is murder. This is the doctrine of the common law and would, under our statute, be murder in the second degree. No malice need be shown in a case of this character beyond that inferred from the act stated, yet it is essential that the defendant should know that the woman was quick with child and intentionally inflict the battery." (3.) "If, from the evidence you should believe beyond a reasonable doubt, that the defendant, George Clarke, in Geneva county, Alabama, within the time covered by the indictment, intentionally beat his wife, Bethany Clarke, while she was quick with child, knowing that she was quick with child, and that she afterwards gave birth to the child; that it was born alive and afterwards died in consequence of the injuries received while in its mother's womb, by the beating intentionally inflicted upon its mother by the defendant, he, the defendant, would be guilty of murder in the second degree, and it would be your duty, in that event, to return a verdict accordingly." To each of these several portions of the court's general charge the defendant separately excepted; and also separately excepted to the court's refusal to give each of the following written charges requested by him: (1.) "If the jury believe the evidence, they must find the defendant not guilty." (2.) "If the jury believe all of the evidence, they must acquit the defendant." (3.) "If the jury believe the evidence, they can not find the defendant guilty of murder in the second degree." (4.) "If the defendant whipped his wife, but did not intend to take life by the whipping, then he can not be convicted, as charged, of either murder in the first or murder in the second degree." (5.) "Although the jury may find the defendant guilty under the indictment, they are not necessarily required to find him guilty of murder in either the first or second degrees." (6.) "Before the jury can convict defendant as charged, they must be satisfied from the evidence beyond a reasonable doubt,

[Clarke v. The State.]

not only that defendant, in this county, before the indictment was found, whipped his wife, and thereby caused the death of the child, but at the time he intended to take life." (7.) "Unless the jury shall believe from the evidence beyond a reasonable doubt that defendant inflicted bruises upon the person of Bethany Clarke, from the effect of which the infant died, and that at the time defendant intended to take life, then they can not convict either of murder in the first or murder in the second degree." (8.) "If Bethany Clarke received any of the bruises on her person which have been testified to in this case, in the difficulty at Bonifay, Florida, then defendant ought to be acquitted." (9.) "There is no proof in this case that Bethany Clarke, defendant's wife, received the bruises which the witnesses testify were on the lower portion of her bowels at her side, at the hands of defendant." (10.) "Although the jury may believe from the evidence that defendant inflicted wounds or bruises upon Bethany Clarke, while quick with child, intentionally and willfully, and that the child after birth died from the effect of the beating and bruises on Bethany Clarke, still if defendant did not intend to take life, and did not so beat and bruise Bethany Clarke in reckless disregard of the life of the child, then he can not be convicted of murder in the first or in the second degree."

SOLLIE & KIRKLAND, for appellant.—The lower court erred in refusing to allow the jury to consider the question of defendant's guilt of manslaughter under the indictment, and upon the proof. We think this question is fairly raised by the charges asked and refused and by the portions of the general charge excepted to.—*Bob v. State*, 29 Ala. 20 ; 2 Arch. Cr. Pleading, by Waterson, 216 ; *Bird v. State*, 36 Ala. 279 ; *Wills v. State*, 74 Ala. 25 ; 2 Bishop's Cr. Law, §§ 600, 632, 633 ; 3 Russell on Crimes, pp. 1–4 ; 6–7.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—1. The indictment contains three counts, not materially different, alleging that the defendant with malice aforethought killed an infant child by the unlawful beating of the mother while it was in the womb, causing its death after birth. The

[Clarke v. The State.]

child is not otherwise described than by reference to its maternity; and in the first and third counts, it is alleged that it was unnamed, and in the second count it is alleged the name was to the grand jury unknown. In the English precedents of indictments for like offenses, in the cases referred to in Wharton on Homicide, section 305, and Wharton on Criminal Pleadings, section 112, the sex of the child is averred, but there was no discussion of the necessity of the averment. In Mr. Bishop's Directions and Forms, section 527, a form of indictment for this particular offense is found, containing a distinct averment of the sex of the child. We have seen no American case in which the necessity of the averment was the subject of consideration, except that of *State v. Morrissey*, 70. Maine 405, in which the court said: "We have seen no precedent of indictment that omits an allegation of the sex of the infant child, nor has any case come to our notice which decides that the allegation is necessary. Mr. Wharton, in his Criminal Precedents, remarks that the averment is necessary. But why necessary? The law requires a person to be described by his name. We take it that if an infant has a name, there would be no more occasion for averring the sex than in any other case. But it is laid down as a rule that, the name being unknown, it is sufficient to aver the name of the killed or injured person to be unknown. The law requires that an indictment shall be so certain as to the party against whom the offense was committed, as to enable the prisoner to understand who the party is, and upon what charge he is called upon to answer, so as to prevent the prisoner from being put in jeopardy a second time for the same offense, and as will authorize the court to give the appropriate judgment upon conviction. What would it practically add, in these respects, to the rights and safety of the accused in this case to have the sex alleged?" The tendency of all our legislation, and of our decisions, for more than half a century, has been to divest indictments of mere formal allegations, while not lessening the degree of evidence by which the accusation they may import must be supported. The general statutory requirement is, that "the indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a man-

ner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary.''—Cr. Code, 1886, § 4368; Cr. Code, 1896, § 4896. If time be not a material ingredient of the offense, a general statement that it was committed before the finding of the indictment is sufficient.—Cr. Code, 1886, § 4373; Cr. Code, 1896, § 4901. It is not necessary to allege the venue of the offense, but on the trial, it must be proved to have been committed in the county in which the indictment is preferred.—Cr. Code, 1886, § 4374; Cr. Code, 1896, § 4902. When the name of the defendant is unknown to the grand jury, it may be so alleged without further identification of the defendant.—Cr. Code, 1886, § 4376; Cr. Code, 1896, § 4904. When the means by which the offense was committed are unknown to the grand jury, and do not enter into the essence of the offense, the indictment may allege that they are unknown.—Cr. Code, 1886, § 4378; Cr. Code, 1896, § 4906. When an intent to injure or defraud is necessary to constitute the offense, it is sufficient to allege an intent to injure or defraud generally, without naming the particular person, corporation, or government intended to be injured or defrauded.—Cr. Code, 1886, § 4380; Cr. Code, 1896, § 4908. These statutes, though in some particulars merely affirmatory of the common law, taken in connection, are illustrative of the general legislative policy, to divest indictments of mere formal averments, while not narrowing the scope of the evidence by which they may be supported. The sex of the child was not an ingredient of the offense; an allegation of it would have been descriptive, necessary to be proved as laid, and if not proved, involving a variance, the peril of which was properly avoided. Without contravening the general legislative policy deducible from the statutes to which we have referred, and other kindred statutes, and the course of judicial decision keeping pace with this policy, we cannot hold that an allegation of the sex of the child was necessary to the sufficiency of the indictment. The remaining causes of demurrer to the indictment, as will be apparent from the further consideration of the case, were not well taken.

[Clarke v. The State.]

2. The gravamen, an indispensable constituent of the offense charged in the indictment, is the unlawful beating of the mother while pregnant, causing the death of the child after birth. Though not alleged in the indictment, the fact was shown by the evidence that she was at and prior to the beating, the wife of the defendant; and the next question for consideration, is her competency as a witness for the defendant. In relation to the competency of husband and wife as witnesses for or against each other in criminal cases or proceedings, we have no ⸱ statute which changes or modifies the common law. By the common law, in all cases of personal injuries committed by husband or wife against each other, the injured party is an admissible witness against the other.—1 Green. Ev., § 343 ; 1 Bish. New Cr. Proc., § § 1151–55 ; Whart. Cr. Ev., § 393, *et seq.* This exception to the general rule excluding husband and wife as witnesses for or against each other, it may be, originally grew out of a supposed necessity of the protection of the wife against personal violence, threatened or actual, by the husband. Whatever may have been the origin of the exception, it is now recognized as extending to all cases in which the element of personal violence to the wife is a necessary constituent of the offense.—*State v. Dyer*, 59 Me. 303. The case cited was an indictment against the husband and another for using an instrument with intent to procure the miscarriage of the wife while pregnant, and is not in reason or principle distinguishable from the present case. Wherever the element of personal violence is a necessary constituent of the offense, every reason exists, upon which the exception rested originally, and for the sake of public justice, the wife should be admitted as a witness. And in all cases, in which she is admissible against, she is admissible for the husband.—Whart. Cr. Ev., § 394a ; *Com. v. Murphy*, 4 Allen, 491 ; *State v. Neill*, 6 Ala. 685 ; *Tucker v. State*, 71 Ala. 342. The court below erred in the exclusion of the wife as a witness.

3. Murder was defined or described by Lord Coke in these words : "When a person of sound memory and discretion unlawfully killeth any reasonable creature in being, and under the king's peace, with malice aforethought, express or implied." The definition or description was adopted by Blackstone, and in commenting

[Clarke v. The State.]

upon the phrase "reasonable creature in being," it was said: "To kill a child in the mother's womb, is now no murder, but a great misprision; but if the child be born alive, and dieth by reason of the potion or bruises it received in the womb, it seems, by the better opinion; to be murder in such as administered or gave them."—2 Cooley's Blackstone, 197. In 3 Russell on Crimes, (6th ed.), 6, it is said: "An infant in its mother's womb, not being *in rerum natura*, is not considered as a person who can be killed within the description of murder; and, therefore, if a woman being quick or great with child, take any potion to cause abortion, or if another give her any such potion, or if a person strike her, whereby the child within her is killed, it is not murder or manslaughter." Further it is said: "When a child, having been born alive, afterwards died by reason of any potion or bruises it received in the womb, it seems always to have been the better opinion that it was murder in such as administered or gave them." The same doctrine is stated in 1 Whart. Am. Cr. Law, (9th ed.), § 445; Whart. Homicide, § 303; 2 Bish. Cr. Law, § 633. The offense is murder, not manslaughter, upon the settled principle of the common law, that where death ensues from an act done without lawful purpose, dangerous to life, malice, the essential ingredient of murder, is implied.—*Com. v. Parker*, 9 Met. 263–65; *State v. Moore*, 25 Iowa, 134; 1 Whart. Cr. Law, (9th ed.), § 316; 1 Bish. Cr. Law, § 328, *et seq.*

4. The court below, very properly, limited the instructions to the jury, to the determination of whether the offense was murder in the second degree. There was an absence of all evidence of express malice—of all evidence that the alleged beating of the wife was with an intent to take life, and of consequence, an exclusion of the characteristics of murder in the first degree. If the beating was inflicted, it was unlawful, dangerous to the life of the mother, an act *malum in se*, from which, as we have said, malice is implied; and implied malice is the distinguishing characteristic of murder in the second degree.—3 Brick. Dig. 214, § 495. "Manslaughter is the unlawful and felonious killing of another, without any malice, either express or implied."—Whart. Hom., § 4. The Code divides manslaughter into degrees, and the first degree is described as the voluntary deprivation of

[Clarke v. The State ]

human life.—Cr. Code, 1896, § 4800. The statute is construed in connection with the common law, and it has not been supposed that it enlarged or diminished the elements of the offense as known to the common law.—*Harrington v. State*, 83 Ala. 9 ; *Williams v. State*, *Ib.* 16. The offense not having been committed negligently, if committed at all, perpetrated by an act in itself unlawful and dangerous to life, from which malice was implied, there was marked propriety in withholding all instructions touching manslaughter—such instructions would have been abstract. Tested by these principles, the instructions given by the court *ex mero motu*, to which exceptions were reserved, are free from error.

5. The several instructions requested by the defendant and refused, numbered from three to seven inclusive, are in conflict with the view of the law we have expressed, and were properly refused ; and the same is true of the 10th instruction. Of the ninth instruction it should be said, there was not an absence of all evidence from which the jury could have inferred that the bruises on the person of the mother, to which the exception refers, were inflicted by the defendant ; whether this was the just inference, it was their province to determine. The eighth instruction is so obviously erroneous, that it is unnecessary to discuss it ; and the same must be said of the first, second and third instructions.

For the errors we have pointed out, the judgment must be reversed and the cause remanded ; the defendant will remain in custody until discharged by due course of law.

Reversed and remanded.